MuKiNNEY, J.,
delivered the opinion of the Court.
This was a seire facias against the defendant, as executor of Leander Hiekerson, to show cause why the plaintiffs should not have execution de bonis propiis. There was a demurrer to the scire facias, which was sustained.
The plaintiffs recovered judgment against the defendant as executor, before a justice, on the 11th of January, 1859, for $286.88. Execution issued thereon, and was returned no property of the testator’s estate in the hands of the defendant to be found. And, thereupon, the execution and papers in the case were returned by the justice into the office of the Circuit Court; and the clerk, in vacation, issued a writ of scire facias thereon, commanding the defendant to appear at the next term of the Circuit Court, to show cause “ why execution should not issue against his own proper goods and chattels,” &c.
This proceeding was instituted under the Code, secs. 2271, 2272, which are simply a re-enactment of the act of 1822, ch. 43, sec. 1.
The mode of proceeding prescribed is, that, on the return of the justice’s execution against an executor or administrator, “ no property found,” the justice, “on suggestion and application of the plaintiff, his agent or attorney, shall return the papers to the next Circuit Court of his county.” And “upon said papers, scire facias shall be issued, and all other proceedings be had for the satisfaction of such judgment, either out of the goods and chattels, lands and tenements of the defendant, in case he has wasted the assets; or, out of the real estate of the deceased.”
These provisions of the Code, place a justice’s judgment on the same footing with the judgment of the Circuit Court, as respects the modes of proceeding to obtain satisfaction.
*577 When an executor or administrator has been guilty of a devastavit, there are two modes of proceeding to render him personally liable to the satisfaction of the judgment obtained against him in his representative character ; the one by an action of debt on the judgment, and the other by scire facias founded thereon. These remedies are concurrent. The foundation of each is a devastavit committed by the personal representative ; and without the suggestion of a devastavit, neither remedy can be maintained. If an action of debt be resorted to, the declaration must distinctly allege a mismanagement or wasting- of the assets by the defendant. But if the more summary remedy by scire facias be adopted, a suggestion of the devastavit must first be made of record, as the ground for issuing the writ; for a scire feeders must bo based upon some matter of record. So if the' plea of fully administered shall have been found for the personal representative and it is desired' to obtain satisfaction out ©f real estate descended to the heirs, a suggestion must be' made upon the record, of the fact that real estate has descended to the heirs as a necessary foundation for a scire facias against them.
Erom these principles it is clear that the proceeding in this case is irregular and void. The clerk had no power or authority to issue the writ. Its issuance is a judicial act, based upon a suggestion made of record, and it must be awarded by the Court.
The demurrer to the 'scire facias was, therefore, properly sustained.
Judgment affirmed.