RHODES *v.* WOOD.

(*Knoxville.*    October 25, 1894.)

FRAUDULENT CONVEYANCE.    *Burden of proof.*

Where the husband's creditors seek to set aside, as fraudulent, his deed
to his wife, upon the averment, which is denied by an unsworn answer,
that the recited consideration was fictitious and colorable, the burden
is upon the complainants to prove the truth of this averment.

Cases cited: Cox *v.* Scott, 9 Bax., 305; Yost *v.* Hudiburg, 2 Lea, 627;
Washington *v.* Ryan, 5 Bax., 626.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County.
T. M. McCONNELL, Ch.

CHAMBLISS & CHAMBLISS for Rhodes.

H. B. CASE for Wood.

McALISTER, J.    This bill was filed by judgment
creditors of the defendant, H. B. Wood, to set
aside an alleged fraudulent conveyance from the
defendant to his wife, Alice J. Wood.    The prop-
erty conveyed was a lot of household and kitchen
furniture.    The transfer purports to have been
made to pay a pre-existing indebtedness of $400,
due the wife for money borrowed.    The bill

Rhodes *v.* Wood.

charges there was no consideration for said transfer; that the alleged consideration of $400 was fictitious, and that the conveyance was a mere device to defraud creditors. Wood and wife, in their answer, deny that the consideration was colorable, but aver that the $400 was loaned the husband by the wife under an agreement that it should be paid back when demanded. Defendants do not show in their answer when nor how said loan was made, nor from what source the wife derived the $400 alleged to have been loaned. The only proof filed in the case was taken by the complainants, which consisted simply of a certified copy of the conveyance attacked, and proof to show the character and amount of complainants' debts. The complainants introduced no proof tending to show that said conveyance was fraudulent. The defendants took no proof at all, and the bill waived an answer under oath. At the hearing, the Chancellor dismissed the bill. Complainants appealed, and have assigned errors.

The whole controversy in this Court is in respect to the burden of proof. The insistence of complainants' counsel is that the presumption of law is that the money belonged to the husband, and the wife must show affirmatively that she acquired it in such a manner as to constitute a separate estate; that, in the absence of such proof, the presumption of law that the money belonged to the husband would be controlling. It is admitted that the general rule in Tennessee is to

the effect that, when a conveyance is attacked, the burden of proof rests on the complainant. But it is insisted that this rule is satisfied in the present case by the presumption of law.

The fallacy of the argument is in the assumption that there is any such presumption of law as the one supposed. We have two cases, in our reports, in which the very reverse of the proposition was announced. In the case of *Cox* v. *Scott*, 9 Bax., 305, a bill had been filed by a judgment creditor of Scott, and a lot attached in the town of Milan which was claimed by Mrs. Scott, wife of the defendant debtor. The bill charged that the house and lot were sold at a chancery sale, and bid off in the name of Mrs. Scott, but that the entire purchase-price of the lot was paid with the money of the husband, and that this was a fraudulent device to vest the title of the property in the wife, to hinder and delay creditors—the husband being at the time indebted largely and insolvent. The answer of the defendants admitted the purchase of the property, and the vesting of the title in Mrs. Scott, but it denied that any part of the purchase-money paid belonged to Mr. Scott. Mrs. Scott then proceeded in her answer to give an account of the sources from which she derived the money used by her in the purchase.

Judge McFarland, in delivering the opinion of the Court, said: "It is argued upon behalf of complainants * * * that there is no evidence to sustain the statement of the [wife's] answer in

regard to the money used in paying for the property; but in our view [and this is the point of the decision] the *onus* is upon the complainants to overthrow the title of Mrs Scott, and show affirmatively that the property was paid for with the money of the husband," etc.

Now, the 'criticism made by complainants' counsel upon this case, and the distinction attempted to be drawn between it and the case at bar, is, that in the former case the wife did not confine herself simply to a denial of all fraud, and a bare assertion that the money belonged to her, but that she set out, in her answer, the sources from which she derived her money, thereby making out a *prima facie* case of a separate estate. Complainants' counsel admits that, in such a case, the *onus* would devolve upon complainants to show fraud. But his insistence is, that this rule cannot be applied in a case like this, where no facts are shown in the answer that constitute a separate estate in this money, but the wife simply relies upon a general averment that the money belonged to her; that she loaned it to her husband, and he promised to repay it. We do not think, in the application of the principle, the two cases can be differentiated.

In the case of *Yost* v. *Hudiburg*, 2 Lea, 627, the same eminent jurist, Judge McFarland, held that the principle was applicable in a case like this. In that case, complainant was a judgment creditor, and filed a bill to subject to the satisfaction of his claim, a house and lot in Knoxville,

45—9 P

conveyed by William Coffman to Mrs. Hannah Hudiburg, the wife of the defendant debtor. The bill charged that the consideration of the conveyance was the money of the husband debtor, and that the purchase· was made by him, but the title taken to the wife, to defraud the creditors of the husband. Answers under oath were waived. The answer of Hudiburg and wife admitted the conveyance of property by William Coffman to Mrs. Hudiburg, but denied that the consideration paid was money or means of said A. S. Hudiburg, and proceeded to give in detail the history of the transaction, by which it was claimed that Mrs. Hudiburg became possessed of the means to pay for the purchase from Coffman.

It appeared that the cause was heard without evidence, except a transcript of the record of complainant's judgment. The question arose in respect to the burden of proof with the record in that condition. Judge McFarland, in disposing of this question, said, viz.: " Had the answer stopped with a simple denial of the allegation that the money or means of A. S. Hudiburg paid for the property purchased from Coffman, the *onus* would have been upon the complainant to prove the allegation." *That* is precisely the state of the pleadings in this case.

It is true, in the former case, the Court held that, the answer having gone further and stated in detail the history of the transaction, the complainant was entitled to the benefit of all admissions,

Rhodes *v.* Wood.

and was at liberty to draw any legitimate inference from those statements, even though it be to establish fraud in the face of the general denials of the answer.    The Court held "that as the defendant had undertaken to show how Mrs. Hudiburg became possessed of the means, if we can see, from the entire history of the transaction, that it originated in fraud, it will not be allowed to stand, although the other conveyances are not attacked.    As the defendants set up these other conveyances, they must show that they are valid and *bona fide.*"

It will be observed, in that case, the facts stated in the answer made an exception to the general rule, and cast the burden of proof upon the defendants.    But the Court expressly recognized the applicability of the general rule to a case like the one at bar.    *Washington* v. *Ryan,* 5 Bax., 626.

There being, then, no proof whatever that the conveyance from Wood to his wife of this household and kitchen furniture was fraudulent, the decree of the Chancellor is affirmed.