EMMA C. JAMES v. JOSIE JOSEPH, et al.*

(*Jackson.*   April Term, 1927.)

Opinion filed February 4, 1928.

1. CHARGE TO THE JURY. BURDEN OF PROOF. FRAUDU-
   LENT CONVEYANCE.

In a suit to reach the interest of the defendant in valuable property
   where it is alleged that the title to the property was held by
   the mother as trustee for an infant daughter "with full power
   and right in the trustee to sell and convey all or any part of it,"
   and that said deed was taken for the purpose of fraudulently
   protecting the property, it is error for the court to charge the
   jury that before the daughter can be deprived of her interest by
   the complainant they must find from the evidence in the case
   that the mother paid a part of the purchase price of the property
   with her own money; and the burden of proving these facts is on
   the complainant, and the proof to establish them must be clear,
   cogent and convincing . . . it is not as in an ordinary case
   where the preponderance of the evidence is sufficient.   (Post,
   p. 421.)

2. EVIDENCE. RECITATIONS OF THE DEED. RULE.

The essence of such case is the same as one wherein a creditor
   seeks to show that the title to real property owned by a parent
   was transferred to an infant child as a voluntary conveyance, the
   word conveyance as used in the statute included every payment
   of money.   (Post, p. 423.)

Citing: Acts of 1919, ch. 125, secs. 1, 6, 7.

3. EVIDENCE. FRAUDULENT CONVEYANCE. BURDEN OF
   PROOF.

Upon the presentation of sufficient evidence to justify and create
   a suspicion that the conveyance was without consideration, the
   burden shifts to the complainant under the conveyance to show
   that some consideration had been passed and the nature and
   amount thereof.   (Post, p. 424.)

156 Tenn.—27.

Citing: Smartt v. Watterhouse, 25 Tenn. (6 Hump.), 158, 159; Alley v. Connell, 40 Tenn. (3 Head), 577; Dunlap v. Haynes, 51 Tenn. (4 Heisk.), 476, 479; Yost v. Hudiburg, 70 Tenn. (2 Lea), 627; Farnsworth v. Bell, 37 Tenn. (5 Sneed), 530, 534; Rhodes v. Wood, 93 Tenn. (9 Pick), 702.

4. EVIDENCE. FRAUDULENT CONVEYANCE. BURDEN OF PROOF. PREPONDERANCE ONLY.

To cause a greater burden than a preponderance of the evidence on the complainant in such a case would be to enable a debtor, by his mere act of executing a conveyance or a receipt containing a false recitation of fact, to prejudice the rights of the creditor. (Post, p. 424.)

Citing: Nashville Interurban Ry. Co. v. Gregory, 137 Tenn. (10 Thomp.), 422, 437; Myers v. Taylor, 107 Tenn. (23 Pick.), 364.

5. DEED. TRUSTEE. POWERS. CAPACITY.

Under a deed vesting title in a trustee with full power and right to sell and convey all or any part of the property, the trustee in exercising such power would be acting in the capacity of trustee and not as the owner of the fee simple title. (Post, p. 425.)

6. DEED. FRAUD ON CREDIT.

If the execution of a deed to a mother as trustee for her infant daughter was the result on the part of the mother to defraud her creditors, either those in existence or prospective, the payment of the original consideration out of the funds belonging to the child should not be permitted to have the effect of providing a sanctuary whereby the mother could thereafter deposit large sums of money beyond the reach of her creditors. (Post, p. 426.)

Distinguishing: Holder v. Crump, 78 Tenn. (10 Lea), 320.

7. FUNDS OF INFANTS. PROCEEDS OF SALE.

Where the mother takes title to herself as trustee for an infant child whose funds are used in making initial payment under a deed providing that the trustee shall have the right to dispose of the same, and it further appears that the mother has spent large sums of money in the improvement thereof, the child whose funds are used cannot be considered as a party to the fraud, and if the interest of the parent is reached by a creditor and the

property sold under orders of the court the proceeds of the sale will first be applied to the reimbursement of the child, and the balance to the satisfaction of the parent's debt. (Post, p. 428.) Citing: Allen v. Connell, 40 Tenn. (3 Head), 577, 582.

**8. FINDING OF FACT. JURY. FRAUD.**

In such a case which is tried before a jury it is immaterial whether the purchase price is paid from the funds of the infant and an issue of fact as to fraudulent conduct of the mother should be submitted to and answered by the jury. (Post, p. 429.)

**9. FINDING OF FACT. JURY. INSTRUCTIONS OF THE COURT.**

In such a case, in addition to an issue of fact submitted to the jury as to whether the original purchase price was paid from the funds of the infant, and an issue of fact as to the amount of money expended by the mother in making improvements should be submitted. (Post, p. 429.)

---

*Headnotes 1. Fraudulent Conveyances, 27 C. J., section 777 (Anno.); 2. Trusts, 39 Cyc., p. 21|1; 3. Fraudulent Conveyances, 27 C. J., section 282 (Anno.); 4. Fraudulent Conveyances, 27 C. J., section 834; 5. Fraudulent Conveyances, 27 C. J., section 804 (Anno.).

---

**FROM SHELBY.**

---

Appeal from Chancery Court of Shelby County.—HON. D. W. DeHAVEN, Judge.

STICKLEY & FITZHUGH and C. S. SEAY, for complainant.

D. B. PURYEAR, for defendant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This proceeding was instituted by Emma C. James as a judgment creditor of Josie Joseph, to discover and reach property for the satisfaction of the judgment debt.

By an amended and supplemental bill complainant directed her suit at a certain lot of real estate in Shelby

County, containing a valuable building occupied as a residence by Mrs. Joseph.

It was charged in the bill that this property was held under a deed conveying it to Mrs. Joseph as trustee for her infant daughter, Hettie Joseph, with full power and right in the trustee to sell and convey all or any part of it; that the consideration was paid and agreed to be paid by Mrs. Joseph, and that Mrs. Joseph has spent large sums of money on improvements; that she had frequently stated and represented that she was the true and legal owner of the property, obtaining credit on the faith of such representations; that the deed showing the title in Mrs. Joseph as trustee had been withheld from record, and that the execution of the deed to Mrs. Joseph, as trustee for her minor child, was in furtherance of a fraudulent scheme of Mrs. Joseph to cover up and conceal her assets and property, in order to hinder, delay and defraud her creditors.

Complainant demanded a jury, and the case was submitted to a jury for the determination of two issues of fact, stated as follows:

"Issue No. 1. Was the cash payment of $500 on the purchase price of the property here in controversy made with money belonging to Josie Joseph?

"Issue No. 2. If you answer Issue No. One 'Yes' then say whether or not the said Josie Joseph procured said deed to said property to be executed to her as Trustee for Hettie Joseph for the purpose of hindering, delaying or defrauding her creditors of their just and lawful debts?"

The jury returned a negative answer to the first issue, and, as instructed by the court, did not answer the second issue.

After the verdict was returned the Chancellor dismissed complainant's bill, and his decree was affirmed by the Court of Appeals.

(1) Complainant assigns as error that the learned Chancellor cast upon her an improper and unwarranted burden of proof in his instruction to the jury with reference to the source of the original cash payment of $500, embodied in Issue No 1, as follows:

"The Court charges you that under the deed in question the absolute beneficial interest described therein is in Hettie Joseph; and that before Hettie Joseph can be deprived of her interest by this complainant, a judgment creditor of Mrs. Joseph, you must find from the evidence in the case that Mrs. Josie Joseph paid the $500 on the purchase price of the property with her own money; and the burden of proving these facts is on the complainant, and the proof to establish them must be clear, cogent, and convincing. Proof short of this will not be sufficient. It is not as in an ordinary case where the preponderance of the evidence is sufficient."

It is our opinion that this assignment of error of the complainant is correct and should be sustained.

The deed by which the property in question was conveyed to Mrs. Joseph, as trustee for Hettie Joseph, recites that it was made for a consideration "paid by Josie A. Joseph, trustee for Hettie Joseph."

It is contended for the defendants that this recitation imports that the consideration paid was the property of Hettie Joseph, and that evidence offered to show that it was the property of Mrs. Josie Joseph was offered in an effort to alter, change or contradict the terms of the deed, and that, therefore, the burden or *quantum* of proof cast upon the complainant was correct.

With the exception of a single case, *Gaugh* v. *Henderson*, 39 Tenn. (2 Head), 628, all of the authorities cited by defendants and in the opinion of the Court of Appeals, in support of this proposition, are cases in which parties to a written instrument, or their privies, sought to show that the written instrument did not correctly state the intention or contract of parties thereto; as, for instance, an effort to set up a resulting trust on evidence that purchase money was furnished by the party in whose favor the trust is asserted, or an effort to have a deed, purporting to convey a fee-simple title, declared to be a mortgage only. The authorities cited by defendants are not applicable to this case. The suit is not by a party to the deed, nor by any one in privity with either of the parties; and it may well be doubted whether any of the recitations of fact contained in the deed would amount to competent evidence against complainant, who is a stranger to the deed. 27 Corpus Juris, 815 (Fraudulent Conveyances, sec. 758) ; 18 Corpus Juris, 266 (Deeds, sec. 223).

*Gaugh* v. *Henderson,* 39 Tenn. (2 Head), 628, involved real property purchased by a father, with title taken to his infant daughter. The property had been seized by a creditor of the father, through the aid of a chancery court, on the ground that the purchase money had been paid by the father with his own money, and that he had caused the title to be taken in the name of his daughter, to defeat his creditors. The bill was filed by the daughter, upon attaining her majority, denying that any part of the consideration money had been paid by her father, and the issue joined on that denial was said by the court to be the turning point of the case. With reference to that issue this court said: ''And upon this point, it must

be borne in mind, that the burden of proof is upon the defendants, to disprove, by clear and satisfactory evidence, the truth of the fact recited in the deed."

No authority was cited for this statement, nor was any reason given for the rule announced.

In *Bayliss* v. *Williams,* 46 Tenn. (6 Cold.), 440, 445, this court expressed its doubt with respect to the soundness of the rule quoted from *Gaugh* v. *Henderson, supra,* by the following reference: "Upon the issue, whether Alicia or Andrew paid the money, it was held, the recital in the deed of payment by Alicia was evidence that the money was paid by her. Perhaps this point in the case, ought not to be deemed as authoritatively settled. It does not appear to have been carefully discussed or considered."

(2) In the present cause the effort of the complainant is to show that the original purchase money was furnished by Mrs. Joseph, with the title to the property taken to her as trustee for the benefit of her infant daughter, and that this was done for the purpose of fraudulently protecting her property against her own creditors, both those in existence and prospective creditors. In its essence, the cause is not different from an effort of a creditor to show that title to real property owned by a parent was transferred to an infant child as a voluntary conveyance in fraud of creditors.

Acts 1919, chapter 125, defining fraudulent conveyances and providing remedies for relief against them, contains the following:

"Sec. 6. Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his abil-

ity to pay as they mature, is fraudulent as to both present and future creditors.''

"Sec. 7. Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.''

In section 1 of this act, it is provided that '' 'conveyance' includes every payment of money.''

(3) In a number of reported cases in which creditors have endeavored to set aside conveyances of property as voluntary and in fraud of their rights, this court has held that upon the presentation of sufficient evidence to justify and create a suspicion that the conveyance was without consideration, the burden shifted to the claimants under the conveyance to show that some consideration had passed and the nature and amount thereof. *Smartt & Wife* v. *Watterhouse,* 25 Tenn., 158-159; *Alley* v. *Connell,* 40 Tenn., 577; *Dunlap* v. *Haynes,* 51 Tenn., 476, 479; *Yost* v. *Hudiburg,* 70 Tenn., 627; *Farnsworth* v. *Bell,* 37 Tenn., 530, 534.

In *Rhodes* v. *Wood,* 93 Tenn., 702, this court held that the burden of proving fraud was upon the complainant, under his bill seeking to reach property conveyed by a debtor to his wife as a voluntary conveyance; but in so holding the court gave no intimation that more than a preponderance of evidence would be required to establish the facts giving rise to the inference of fraud. The complainant in that case had offered no evidence tending to show that the conveyance attacked was fraudulent.

(4) We have found nothing in any subsequent opinion of this court which would sustain the principle involved in the rule quoted from *Gaugh* v. *Henderson, supra.* The nature, amount and source of the consideration support-

ing a conveyance of property are peculiarly within the knowledge of the parties to the conveyance; and in a suit by a stranger to the instrument, seeking a judgment that the instrument does not recite the truth, and that the real transaction was in fraud of his rights, no reason can be suggested why the true facts may not be deemed to be in accord with the preponderance of the evidence. To cast a greater burden upon the complainant in such a case would be to enable a debtor, by his mere act of executing a conveyance or a receipt, containing a false recitation of fact, to prejudice the rights of his creditor. A rule productive of such a result is not sound and should not stand. *Nashville Interurban Ry. Co.* v. *Gregory,* 137 Tenn., 422, 437; *Myers* v. *Taylor,* 107 Tenn., 364.

The error of the Chancellor in holding the complainant to a greater burden than of establishing the first issue of fact tendered to the jury by a preponderance of the evidence renders it necessary that the decree of the Court of Appeals and of the Chancellor be reversed, and the cause remanded for a new trial.

Other assignments of error present questions not of themselves sufficient to justify a reversal, as the issues of fact were framed and submitted, but which should be given some consideration, for the guidance of counsel and the trial court on the second trial.

(5) Complainant moved the Chancellor for a decree *non obstante veredicto,* on the ground that the provision of the deed vesting Mrs. Joseph, as trustee, with full power to sell, convey, mortgage or otherwise dispose of the property in question had the effect of vesting her with a fee-simple title.

We think the Chancellor was correct in overruling this motion, for the reason that the power to sell and convey was granted to Mrs. Joseph, as trustee for Hettie

Joseph, and in exercising such power she would necessarily have been acting in her capacity as trustee and not in her own right.

*(6)* By the sixth assignment of error the complainant insists that the Chancellor was in error in instructing the jury as follows:

"If you find from the evidence that Mrs. Josie Joseph did not pay a cash consideration of $500 for the property with her own money, but that the cash payment was made with the money of Hettie Joseph, and the beneficial title taken in Hettie Joseph, then the making of any additional payments on the purchase price of the property by Mrs. Josie Joseph, with her own money, if she made any such subsequent payments, or the improvement of the property by Mrs. Josie Joseph, with her own money, if she made any such improvements, would not alter, change, or control the effect of the deed making Hettie Joseph the beneficiary of the property."

By this instruction, and by the issues of fact tendered to the jury, the Chancellor made the complainant's right to any relief against the property in question entirely dependent upon a finding by the jury that the original payment of $500 on the purchase price was made with money belonging to Mrs. Joseph, the judgment debtor.

The deed, by which the property was conveyed to Mrs. Joseph, as trustee for her infant daughter, recited that as a part of the consideration for the conveyance the grantee was obligated to erect a dwelling house on the property conveyed at a cost of not less than $10,000, and that this should be done within ten months from the date of the deed.

The amended and supplemental bill avers that Mrs. Joseph had expended several thousand dollars on the property, in the erection of expensive and valuable im-

provements, and that, both by reason of the payment of the original consideration for the conveyance by Mrs. Joseph, and the expenditure of large sums of money in the improvements, complainant is entitled to subject the property to the satisfaction of her judgment, etc.

If the execution of the deed to Mrs. Joseph, as trustee for her infant daughter, was the result of a fraudulent intention on the part of Mrs. Joseph to defraud her creditors, either those in existence or prospective creditors, we do not think the payment of the original consideration of $500, out of funds belonging to the child, should be permitted to have the effect of providing a sanctuary wherein Mrs. Joseph could thereafter deposit large sums of money, beyond the reach of her creditors.

In *Holder* v. *Crump,* 78 Tenn., 320, it was held by this court that the creditors of a husband could not sell land belonging to the debtor's wife, in order to reach funds expended by the husband in the construction of improvements on the land, unless it should be shown that the wife fraudulently participated in the husband's effort to defeat his creditors.

While recognizing the soundness of the conclusion reached in that case, it has no application to a case in which it is made to appear that a parent has procured title to be vested in an infant child upon the payment of a comparatively small portion of the purchase price with the funds of the child, when it also appears that the purpose of the parent is to provide an investment for his or her own funds so as to defeat the just claims of his or her creditors. And especially would this be true when it is further made to appear that the title is so taken as to give the parent the full right of possession and en-

joyment of the property purchased, as well as a right of sale and disposition.

(7) In such a case as that assumed in the preceding paragraph, the infant child whose funds are used in making the initial payment cannot be considered as a party to the fraud, and if the interest of the parent is reached by the creditor and the property is sold under the orders of the court, the proceeds of the sale will first be applied to the reimbursement of the child, and the balance applied to the satisfaction of the parent's debt. Such a course is clearly authorized by the opinion of this court in *Alley* v. *Connell*, 40 Tenn. (3 Head), 577, 582, where this court said:

"A just discrimination is made between actual, intentional fraud, and constructive fraud, or fraud in law. A conveyance fraudulent in fact is absolutely void, and is not permitted to stand as a security for any purpose of reimbursement or indemnity; but it is otherwise with a deed obtained under suspicious circumstances, or which is only constructively fraudulent. *Ibid.*, 482.

"If the deed be void for fraud in fact, the creditor is entitled to avoid it without repayment, to the fraudulent purchaser, of the purchase money. But where it is only fraudulent by construction of law, the purchaser will be protected to the extent of refunding his purchase money, or allowing the conveyance to stand as a security for it. In the language of Chancellor Kent, in the case referred to 'Nothing can be more equitable than this mode of dealing with these conveyances of such indecisive and dubious aspect, that they cannot either be entirely suppressed or entirely supported with satisfaction and safety.' This principle has been applied to the case of a purchaser at a great undervalue, connected with other inequitable or suspicious circumstances. *Ibid.* 482,

and cases there cited. So a deed, with a small consideration, was set aside in equity, in favor of a creditor, so far as to let in his debt. Lord Hardwick held that the creditor was entitled to this relief, whether he could or could not have set aside the deed at law. 2 Ves. 51; *id.* 516; 1 Vern. 465.''

(8) So, while the instruction of the Chancellor now under consideration may not have been error, as the issues were framed and tendered to the jury, we think, on another trial, the issues should be reframed and restated, and that the second issue of fact, as hereinabove quoted, should be answered by the jury, regardless of whether an affirmative or negative answer be given to issue No. 1.

(9) We are further of the opinion that, under the pleadings, the jury should be required to further find the total amount expended by Mrs. Joseph in the purchase of the property in question, and in the making of improvements thereon, including the amount of obligations incurred by the trustee, or by Hettie Joseph, for such money or improvements, and also the amount expended on the property from funds belonging to Hettie Joseph. A finding of fact on these issues will enable the Chancellor to reach a more satisfactory conclusion on the principal issue of whether all or any part of the property in question may properly be applied to the satisfaction of complainant's debt.