CITIZENS BANK AND TRUST COMPANY et al. v. J. A. M. WHITE, et al.

Middle Section. November 8, 1930.

E. D. White and C. C. Gore, of Livingston, for appellants.
C. J. Cullom, and E. C. Knight, of Livingston, for appellees.

DeWITT, J. On August 16, 1928, complainant Citizens Bank & Trust Company of Livingston recovered a judgment for $961.05 against defendant J. A. M. White as surety on a note of Burr Vaughn, dated March 2, 1926, and due on July 2, 1926. On January 10, 1923, J. A. M. White signed as surety a note for $500 due six months after date with interest, payable to the order of Mrs. Mertie Sweat. C. J. Cullum signed said note as co-surety and paid half

of the amount of it in June, 1927. Burr Vaughn the principal debtor on said notes was adjudged a bankrupt. On September 1, 1925, defendant J. A. M. White executed and delivered to his wife, Mrs. Cora E. White, a deed to all of his property, consisting of farming tools, including a tractor, binder, harrows, plows, cultivators and all other farming machinery, and three tracts of land, to-wit: a tract of about 250 acres, a tract of 4 acres containing his residence in the town of Livingston, and a lot fronting 52 feet on the Northeast corner of the public square in Livingston running back 99 feet, with business houses thereon and the fixtures in said house. The consideration expressed in said deed was as follows:

"The sum of $940 in cash in hand paid and receipt of which is hereby acknowledged, and the further consideration of $3600 due to the Farmers Bank of Livingston, Tennessee, to be paid by the purchaser, and $3000 due to the Federal Land Bank of Louisville, Kentucky, to be assumed and paid by the purchaser, and $2,000 due to John R. Wilson, guardian to be assumed and paid by the purchaser, and also the assuming and paying of the purchase money notes held by the legal heirs of J. W. F. White against the brick building and lot on the northeast corner of the public square, and the assuming and paying of $400 of additional and general indebtedness to various parties all of the foregoing mentioned indebtedness being my just debts and to be paid by the purchaser of the property herein conveyed."

It appears that the $3000 of indebtedness to the Federal Land Bank was secured by deed of trust on the 250 acre tract; that the purchase money notes mentioned had been given for purchase of the business property on the public square. The amount of these notes is not set forth in the bill, or in the testimony.

The original bill in this cause was filed on January 7, 1929, by Citizens Bank & Trust Company and Mrs. Mertie Sweat for the purpose of setting aside said deed, in so far as it hinders and delays the collection of complainant's said debts. It was charged in the bill that while thus indebted to complainants and intending a contrivance not to pay their said debts, the deed was contrived of fraud, covin, collusion and guile to delay, hinder and defraud the creditors of the said J. A. M. White of their just and lawful debts, and especially to delay, hinder and defraud complainants of their just debts; that the defendant Mrs. Cora E. White took said conveyance from her husband well knowing the purpose and character thereof and with the intent to aid him to hinder, delay and defraud his creditors, especially complainants, of their just debts and was collusively made. It was further charged that the said J. A. M. White is still in the use, control and possession and getting the benefits and profits of said property, and that it was so understood that he was to do so when said conveyance was made. It was further charged that none

of said debts have been actually assumed and paid by Mrs. White, that she was unable to pay them, that the recitals of said assumption and intent to pay in the deed were false and that if any was purported to be paid it was a mere device in furtherance of the fraud. It was further charged that the considerations recited in the deed amounted only to about $10,000 and that all of that property was reasonably worth from $13,000 to $15,000. Mrs. Sweat also prayed for judgment upon her note. The complainants further charged that the said J. A. M. White is wholly insolvent and nothing could be made off of him in law or equity unless the said conveyance is set aside. Complainants prayed to this end and that so much of said land be sold as would be necessary to pay the debts of complainants subject to the mortgage held by the Federal Land Bank. An attachment was prayed for, granted and levied on the tracts of land; and an injunction was prayed for, granted restraining defendants from selling or encumbering or in any other manner of disposing of said property or any part thereof.

The defendants Mr. and Mrs. White filed an answer in which they denied all of the charges of fraud. Defendant J. A. M. White averred that at the time of the execution of the deed he was not conscious of the fact and the same was not in his mind, that he was surety on the two alleged obligations mentioned in the bill and that as a matter of fact the Bank's note was not in existence and at that time he was thinking solely of the protection of his own creditors and not to the detriment of any one. Mrs. White averred that "she had no knowledge or information whatever, nor even suspected that the note sued on was in existence at the time said judgment is alleged to have been taken, nor at the date of the purchase of the said property from her husband, September 1, 1925, and the assumption of his indebtedness therein set out, or that he was indebted indirectly to any one as surety." They averred that J. A. M. White was in poor health at the date of the deed, not having recovered from a most serious attack of pneumonia fever, and realizing that in the event of his death a great portion of his estate would be squandered and wasted, as is usual, in costs and expenses of the administration of his estate, he desired to save every dollar for the protection of his creditors and any remnant that might be left for the benefit of his family; and further, that solely as a matter of sound business judgment, believing that his wife would survive, the conveyance was made ,and his property was placed in such legal status as would most easily and conveniently enable his wife ultimately to discharge his obligations, and for this reason and the only reason was said conveyance made, she agreeing to assume and pay said indebtedness for said property. Mrs. Cora E. White averred that these facts and reasons were disclosed and talked over at the time of the making of said conveyance and that

the charge that there was any collusion whatever between them for the purpose of delaying or refusing to pay any debt was absolutely false as she had no knowledge of the alleged suretyship and secondary liability of her husband as charged in the bill. It was denied that J. A. M. White was still in the control and possession of the property, getting the benefits and profits from it, and it was averred that the properties were in the absolute possession, control and dominion of Mrs. White, although it was admitted that J. A. M. White was still living at the old home place at the time the conveyance was made. It was averred that any acts or doings in the premises since the execution of the conveyance were solely for and as the agent of Mrs. Cora E. White. She averred that the conveyance was based upon a valid and bona fide consideration, and that since said conveyance she had been paying and discharging the obligations as fast as her circumstances would permit. The defendants averred that all of their acts and doings had been open for inspection, that no secrecy had been practiced and no. effort made to prevent a full investigation of the transaction. They then entered a general denial. The evidence submitted to the acting Chancellor stated all the facts sued on, certified copy of the aforesaid deed, certified copy of the judgment and an execution issued thereon and returned nulla bona and the discharge of the bankrupt Burr Vaughn; also the depositions of three witnesses for complainant, to-wit: J. B. Dale, a Justice of the Peace, who rendered the judgment in favor of the Bank; P. H. Windle, a brother of complainant, Mrs. Mertie Sweat, who was also the deputy sheriff who levied the execution; and T. B. Copeland, cashier of complainant Citizens Bank & Trust Company. Neither of the defendants testified, nor did they introduce any testimony. Upon the hearing the acting Chancellor sustained the bill awarding a recovery to the complainant bank upon its judgment and to complainant Mrs. Sweat upon her note, and decreeing that the said deed was voluntary in law without adequate consideration to the extent that it then and now hinders and delays the complainants in the collection of their said just debts; that in law the said conveyance is fraudulent, null and void as against complainants, and that for the satisfaction of the recoveries so awarded the complainants have the right to have said property sold. He therefore ordered that unless said indebtedness and costs of the cause were paid into court on or before December 14, 1929, the Clerk should advertise and sell said properties on a credit of six months and in bar of the equity of redemption, the complainants praying therefor in their bill and asking the same at the bar. The defendants thereupon appealed and have assigned as error the action of the Chancellor in sustaining the bill and ordering a sale as aforesaid.

In behalf of complainants a motion has been entered to dismiss the appeal because appellant Mrs. Cora E. White did not, for purpose of appeal, give bond, under section 4894 of Shannon's Code, to satisfy the whole debt, damages and cost, in the event of affirmance. This motion is overruled, as section 4894 is not applicable. No judgment for money was rendered against Mrs. White. The conveyance was set aside as to the rights of the complainants and it was ordered that the land be sold. Section 4897 was applicable and Mrs. White complied with it by giving an appeal bond in the sum of $250 to cover damages and cost only.

Section 7 of the Uniform Law Relating to Fraudulent Conveyances (Ch. 125 of the Public Acts of 1919, Shannon's Code Supplement, section 3143a9) is as follows:

"Right of creditors whose claims have matured. (1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or when he has derived title immediately or mediately from such a purchaser, (a) have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or (b) disregard the conveyance and attach or levy execution upon the property conveyed.

(2) A purchaser who, without actual fraudulent intent, has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment."

Section 4 thereof is as follows:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

It appears clearly that the conveyance in question has rendered the grantor, J. A. M. White, insolvent. It is therefore fraudulent without regard to the actual intent of the grantor and may be set aside, if there was no fair consideration therefor and the grantee had knowledge of the fraud at the time of the conveyance.

The acting Chancellor held that the conveyance was voluntary to the extent that it was without adequate consideration, so far as complainants' claims were concerned. In his findings and opinion he said:

"I do not find any proof in the case of any intentional fraud. I do not think there is any showing that these particular matters of indebtedness were in the minds of the defendants at the

time that the conveyance in question was executed, however, I think, under the law and under the state of the pleadings in this case, that the burden is cast upon the defendants to show that the transaction was not voluntary in the sense of the law.

"It is a conveyance from a husband to the wife, the consideration recited being in the main the assumption of certain obligations of the husband; the defendants put themselves on the ground that the matter was altogether in good faith and that there was an actual bona fide conveyance of the property and that the assuming by the wife of the payment of the husband's obligations was the moving consideration in the main, the conveyance reciting a small cash consideration, and further consideration of the assuming by the wife of quite a volume of the husband's indebtedness.

"There was no proof offered by the defendants with reference to any aspect of the case. It does not appear from the proof what the wife's financial status was; whether or not she was able to pay this indebtedness; it does not appear that the defendant,—the husband,—was relieved of the indebtedness; there is no showing that the creditors who were named in the conveyance entered into any sort of agreement with the parties that they would accept the obligation of the wife and discharge the husband; if that had been done it would be immaterial as to what the wife's financial status was, because it would operate as a discharge of the husband any way, and amount to the same thing as cash as far as he was concerned, but that does not appear, and as a matter of fact there is no affirmative showing that the debts really existed further than the mere recitation in the conveyance. The conveyance has a good many of the ear marks of a mortgage, rather than a conveyance, but the defendants do not elect to treat it as a mortgage, but saying in their answer that it is and was bona fide conveyance."

It is insisted that the decree is based upon an entirely different predicate from that stated in the bill; that the bill is grounded upon inadequacy, and not want, of consideration.

We think that the bill covers both aspects, so that this insistence must be overruled. The following allegeations in the bill contain charges of want of consideration:

"And complainants charge as they verily believe that none of said debts have been actually assumed and paid by the conveyee, and that she is unable to pay and discharge the debts aforesaid, and that the recitals made therein are false, and that if any was pretended to be paid, it was a mere device in furtherance of the covin, collusion and frauds, whereby defendants were contriving to hinder and delay complainants. The recitals that Cora E. White is to assume the payments to

heirs at law of J. F. W. White, deceased, is likewise without consideration and complainants believe she had not paid any of said debts.''

The general rule is that the burden of proof is on the party attacking a conveyance for fraud to establish his case. Gaugh v. Henderson, 2 Head, 630; Dunlap v. Haynes, 4 Heisk., 479; Bayless v. Williams, 6 Cold., 445. And even a creditor who seeks to subject property in the wife's name to the husband's debts, averring that the title was taken fraudulently to defeat creditors, which was denied, has the burden of showing the fraud. Young v. Hurst (Chy. App.), 48 S. W., 355. This may be shown by the preponderance of evidence. James v. Joseph, 156 Tenn., 417, 1 S. W. (2d), 1017. But where the defendant grantee by answer goes further than merely to deny the allegations of fraud, the complainant is entitled to the benefit of all admissions, and he is at liberty to draw any legitimate inference from the statements added, though it be to establish fraud in the face of the general denial of the answer. Yost v. Hudiburg, 2 Lea, 627; Crump v. Johnson, supra; Walters v. Brown (Chy. App.), 46 S. W., 781; Farmers Bank v. Farrar, 4 Tenn. App., 186.

The consideration recited in the deed consisted of promises to pay certain debts, excepting that $940 was represented as paid in cash.

In her answer Mrs. White averred that she did assume and pay the indebtedness mentioned in the deed, ''making herself primary debtor to the creditors therein mentioned, and had, since receiving said conveyance, been paying and satisfying and discharging the obligations, both to the public and to said creditors, as fast as her circumstances would permit.'' She has offered no evidence to sustain these allegations. She did not aver that she actually paid the sum of $940 as a cash payment.

The assumption of bona fide debts of the grantor by the grantee is a valuable and sufficient consideration for the conveyance or transfer of the former's property, unless it is materially greater in value than the amount of the debts assumed. Such conveyance, however, cannot be sustained where the entire consideration consisted in promises to pay the debts of the grantor by one who was obviously without any ability or intention to perform the promises. A debtor cannot substitute for the solid value of his property the colorable provision of an insolvent's engagement to pay the debts. 27 C. J., 533.

As this conveyance was made by the grantor to his wife, it is not to be presumed that she was, or would be, able to discharge the obligations assumed. It is not alleged that she had any property out of which these obligations could be paid. This in itself is sufficient to raise a strong suspicion of a want of consideration;

and the burden was upon the defendants to prove not only that the consideration was real, but also that it was adequate. The rule is that where the circumstances under which a transfer of property by a debtor are suspicious, the failure of the parties to testify or to produce available explanatory or rebutting evidence is a badge of fraud. 27 C. J., 494; Shapira v. Paletz (Chy. App.), 59 S. W., 774. The defendant Mrs. White offered no testimony even to prove the averment in her answer that she had paid some of the obligations assumed.

Tennessee is one of the states in which the general rule prevails that the burden of proof does not rest upon the grantee who is the wife of the grantor to show freedom from fraud; but this rule does not apply where prima facie the conveyance was voluntary or attended with suspicious circumstances, and the transfer included substantially all of the grantor's property, rendering him insolvent. 27 C. J., 795.

The obligations definitely specified in the deed amounted to nearly $10,000. As aforesaid, the record is silent as to the grantee's ability to pay them. If she had any ability to pay them, or any substantial prospect of paying them, she could have shown it, but no effort to this end was made. In the deed some purchase money notes on the business property were assumed; but although the amount of these notes must have been within the knowledge of the defendants they did not undertake to show it.

As the defendants did not carry the burden, the charges in the bill must be sustained. The decree of the Chancery Court is affirmed. The costs of the appeal will be adjudged against the appellants and the sureties on the appeal bond of Mrs. Cora E. White. The cause will be remanded for further proceedings.

Faw, P. J., and Crownover, J.,concur.