UNION BANK v. CHAFFIN et al.—147 S. W. (2d) 414.

Middle Section. August 17, 1940.

Petition for Certiorari denied by Supreme Court, February 1, 1941.

R. E. Lee and J. L. Jones, both of Pulaski, for appellant Bank.

H. D. Derrick, of Lawrenceburg, and Bennett Eslick, of Pulaski, for appellee Mrs. Chaffin.

CROWNOVER, J. This is a suit for discovery, and to set aside fraudulent conveyances, and to subject S. L. Chaffin's property to the payment of complainant's judgment.

In October, 1930, the Peoples Bank of Pulaski, Tennessee, executed a bond to the Union Bank of Pulaski, Tennessee, in the sum of $150,000, indemnifying it against any loss that it might sustain by reason of its purchase of the assets of the Peoples Bank and the assumption of its debts. S. L. Chaffin was one of the sureties on the bond. He limited his liability to $20,000, and made affidavit, on that date, that his estate was of the value of $20,000.

The Union Bank, on September 28, 1936, recovered judgment on said bond against S. L. Chaffin, for $20,444.60, in the cause of the Union Bank v. J. H. May et al., in the Chancery Court, at Pulaski.

The judgment remained unpaid, and execution thereupon against Chaffin was returned nulla bona after his death.

Chaffin died on September 30, 1936, soon after the rendition of the judgment. He left a will making his wife, Clara Deane Chaffin, his sole beneficiary and executrix of the will.

The original bill in this cause was filed by the Union Bank against Clara Deane Chaffin, individually as widow, and as executrix of the estate, of S. L. Chaffin, deceased, the First National Bank of Lawrenceburg and the Commerce Union Bank of Nashville and the Commerce Union Bank of Lawrenceburg, asking for a full discovery, under oath, of the securities belonging to his estate (under Code, sec. 10353), and to subject the same to the payment of its judgment.

It was alleged that Chaffin was the owner of securities of the value of about $60,000, which he had transferred to his wife for the purpose of defrauding the complainant and preventing it from collecting its judgment against him.

The prayer of the bill was for a full discovery of the property of the estate of S. L. Chaffin and of the property claimed by Mrs. Chaffin; for injunctions to restrain the defendant banks from delivering said property to Mrs. Chaffin and Mrs. Chaffin from disposing of that in her possession; for a decree setting aside the fraudulent conveyance of said property to Mrs. Chaffin; for the appointment of a receiver

to take charge of said property; and for the sale of a sufficient amount of the property of S. L. Chaffin to satisfy the judgment of the complainant.

Injunctions were issued and J. F. Hobbs, clerk and master, was appointed receiver, who was given possession of the securities in the safety deposit boxes.

The Commerce Union Bank, of Nashville, answered that the only property in its possession belonging to S. L. Chaffin was the contents of Lock Box No. 2, and that Mrs. S. L. Chaffin had a Lock Box No. 22 in its safety deposit vault, a checking account of $736.43, and a savings account of $3,000.

The other defendant Banks answered that they had no property of any kind in their possession belonging to the estate of S. L. Chaffin or to Mrs. Chaffin.

Mrs. Chaffin answered under oath and denied that S. L. Chaffin had transferred said securities to her or had made any transfer to defraud his creditors, and asserted that the securities in her possession were her own property. She went further and alleged that her father had advanced to her, before the execution of said bond by S. L. Chaffin, several thousand dollars, which she invested in securities in her own name; that she secured the sum of $3,000 from her father's estate, after his death, in 1923; that she inherited $1,000 from her mother, who died in 1932; and that she earned $1,900 from the sale of milk, butter, eggs and vegetables, all of which were invested by her in securities consisting of stocks, bonds and notes, which she listed, amounting to about $42,000. This does not include her money on deposit in the Bank, above mentioned.

She filed a list of securities belonging to the estate of S. L. Chaffin, which amounted to $500.

The complainant filed exceptions to said answer in that defendant had failed to set forth the source of title to said notes, bonds and securities, how, when, where, and from what source and from whom she acquired each, and prayed that she be required to file a full and complete answer to its bill, which exceptions were sustained by the Chancellor.

On motion the injunction was dissolved as to certain securities and notes, and the money in bank, amounting to $9,676.43, which were ordered delivered back to Mrs. Chaffin.

The defendant Mrs. Chaffin filed a second answer, setting out the same facts a little more in detail.

The complainant excepted to this answer.

The complainant asked for a writ of attachment for contempt for the defendant on account of her wilful failure to make a sufficient answer.

The defendant filed a third answer in which she alleged that she had heretofore answered what moneys had come into her hands. She

went on to allege that her funds were invested for her by S. L. Chaffin, and sold, and re-invested, and that she had no knowledge of the details; that he handled her funds as her representative and agent; that the only statement he would make to her about her investments was, "Clara I have bought you another bond," or "I have made another investment for you today."

The Chancellor held that the answers were responsive to the bill and sufficient answer to the same.

The Chancellor ordered a reference to the Master as to the purchase and ownership of the securities.

Proof was taken before the Master. Mrs. Chaffin did not testify. The complainant took the depositions of four bond salesmen, of the assistant cashier of the Citizens Bank of Pulaski, and of the Deputy County Court Clerk.

The Clerk and Master reported that of the bonds scheduled by Mrs. Chaffin, $30,000 were purchased by S. L. Chaffin subsequent to the signing of the indemnity bond.

The defendant excepted to said report. The Chancellor sustained the exceptions and re-submitted the questions to the Master. The Master filed a second report, which was excepted to by the defendant. Upon consideration of which, the Chancellor held that the report served no purpose in the cause and should be for nothing held.

The Chancellor found and decreed that there had been no fraudulent conveyances from S. L. Chaffin to Mrs. Chaffin; that her sworn answer had met and overcome the allegations of the bill and the proof introduced thereunder; that S. L. Chaffin was not the owner of the bonds involved (except those hereinabove described found in his safe deposit box); and that Clara Deane Chaffin was the owner of all other bonds involved. He ordered that the Receiver deliver to Mrs. Chaffin all bonds, cash, etc., in his hands, dismissed the bill and dissolved the injunctions.

The complainant Union Bank excepted to said decree and appealed to this Court and has assigned errors, which are, in substance, as follows:

(1) The Chancellor erred in failing to hold that all of said securities, except $2,000 City of Shelbyville Bonds and $5,000 of Lawrence Federal Savings & Loan Stock, were the property of the estate of S. L. Chaffin, deceased.

(2) The Chancellor erred in refusing to sustain the complainant's exceptions to the defendant's answers on the grounds that the same were insufficient.

(3) The Chancellor erred in refusing to sustain the complainant's exceptions to the testimony of M. Richardson.

1. This is a suit to compel the discovery of all securities owned by the estate of S. L. Chaffin, deceased, and all securities of which Mrs. Clara Deane Chaffin claims to be the owner; for the setting aside of

any transfer of securities made by Chaffin, before his death, to Mrs. Chaffin, as fraudulent conveyances; and for the sale of a sufficient amount of said securities to satisfy the complainant's judgment against S. L. Chaffin.

The defendant Mrs. Chaffin did not testify in her own behalf, but insists that as this is a suit for discovery, and her answer was called for and made on oath, the complainant made her his witness, and such answer is not only evidence in favor of the complainant in so far as it admits the allegations of the bill, but it is also evidence in favor of the defendant, in so far as it directly and positively denies such allegations, or is otherwise responsive to the bill (Gibson's Suits in Chancery (4 Ed.), sec. 460), and such evidence must prevail unless overcome by testimony for the complainant.

Mrs. Chaffin made a report in her answer of all securities claimed by her and of those in the locked box of S. L. Chaffin. But stated in her answer that the securities claimed by her were paid for with her own money and her husband only acted as her agent in said purchases.

The two schedules of securities filed by Mrs. Chaffin in her answer amount to a discovery of all securities involved.

But she refused to state how they were paid for—that is, to file checks, etc.—stating that all such matters were handled by her husband, S. L. Chaffin, and she knew nothing about the details.

██ ██ A responsive answer to a bill of discovery must be taken as true, unless contradicted by two witnesses or by one with pregnant circumstances. 18 C. J., 1077, sec. 40; Spurlock v. Fulks, 1 Swan, 289. But a mere statement that the securities were bought with her money is not sufficient, where her answer goes on to show that she doesn't know what she is talking about, and the record taken as a whole shows that she didn't have the money with which the securities were purchased.

The determinative question is whether the bonds listed by Mrs. Chaffin had been purchased by her and were her property, or had been transferred to her by S. L. Chaffin after the execution of said bond to defeat the collection of the amount due by him on said bond.

Depositions were taken by the complainant Bank of four bond salesmen and of the assistant Cashier of the Citizens Bank of Pulaski. This testimony showed that about $28,000 of the bonds listed by Mrs. Chaffin were sold to S. L. Chaffin, and that $21,000 of this amount were sold to Chaffin after the execution of said indemnity bond.

The deposition of the Deputy County Court Clerk was taken, by which it was shown that the reports of the administrators of Mrs. Chaffin's father's and mother's estates showed that she had received $850 from her father's estate in 1925 and $750 from her mother's estate in 1933.

██ We think this case is controlled by the holding in the cases of Yost v. Hudiburg, 70 Tenn. (2 Lea), 627; Crump v. Johnson (Tenn.

Ch.), 40 S. W., 73; Farmers Bank of Lynchburg v. Farrar, 4 Tenn. App., 186; and James v. Joseph, 156 Tenn., 417, 424, 1 S. W. (2d) 1017, and the burden is upon Mrs. Chaffin to show that she purchased these bonds with her own money.

In Yost v. Hudiburg, supra, it was held:

"Upon bill being filed to subject wife's property to husband's debts, charging the conveyance of same to wife by husband as fraudulent, the court say, had the answer to the bill stopped with a simple denial of the allegation that the means of the husband paid for the property, the onus would have been upon the complainant to prove the allegation; but the answer having gone farther, the complainant is entitled to the benefit of all the admissions, and he is at liberty to draw any legitimate inference from such statements, though it be to establish fraud in the face of the general denials of the answer. And where the wife obtained the means with which to purchase the property in controversy from the sale of other property, though the manner of acquiring such property is not attacked by the bill, yet as the defendants set up these other conveyances, they must show that they are valid and bona fide."

And in Crump v. Johnson, supra, it was held that "on a bill to subject to a judgment against the husband real estate alleged to have been purchased with his funds and conveyed to the wife in fraud of creditors, where the wife in her answer not only denies the allegation that the means of the husband paid for the property, but further alleges that the property was paid for out of the proceeds of certain of her separate estate, the burden is on her to show that particular fact as alleged."

In the case of James v. Joseph, 156 Tenn., 417, 424, 1 S. W. (2d), 1017, 1019, the Supreme Court said:

"In a number of reported cases in which creditors have endeavored to set aside conveyances of property as voluntary and in fraud of their rights, this court has held that, upon the presentation of sufficient evidence to justify and create a suspicion that the conveyance was without consideration, the burden shifted to the claimants under the conveyance to show that some consideration had passed, and the nature and amount thereof. Smartt [& Wife] v. Watterhouse, 25 Tenn. (6 Humph.), 158, 159; Alley v. Connell, 40 Tenn. (3 Head), 578; Dunlap v. Haynes, 51 Tenn. (4 Heisk.), 476, 479; Yost v. Hudiburg, 70 Tenn. (2 Lea), 627; Farnsworth v. Bell, 37 Tenn. (5 Sneed), 531, 534."

Where the circumstances under which a transfer of property by a debtor is made are suspicious, the failure of the parties to testify or to produce available explanation or rebutting evidence is a badge of fraud. Citizens Bank & Trust Co. v. White, 12 Tenn. App., 583.

It has not been explained to our satisfaction how Mrs. Chaffin managed through her husband to invest about $1,500 and the proceeds

534

of sales of eggs and butter, so as to have an estate of about $40,000 in about fourteen years, whereas he managed to lose $20,000 of his own assets and to die insolvent. She denies that any of his money was used in purchasing the securities, but it is not shown to our satisfaction that he used her money with which to buy them, as it is not shown that she had the money.

"Transactions between husband and wife whereby the property of the husband is placed beyond the reach of his creditors generally excite suspicion, and they should be carefully scrutinized, 'because husband and wife have unusual facilities for the perpetration of fraud on creditors.' 12 R. C. L., p. 515, par. 44, and pp. 589-590, par. 105; Robinson v. Frankel, 85 Tenn., 475, 478, 3 S. W., 652." Farmers Bank of Lynchburg v. Farrar, 4 Tenn. App., 186.

Our Supreme Court has held that " 'all transactions and conversations had between the husband and wife in relation to their own affairs, not in the presence of some third person, fall within the prohibition of the statute' and their testimony concerning such things must be excluded." Crane & Co. v. Hall, 141 Tenn., 556, 563, 213 S. W., 414, 416.

But in this case the complainant asked for a discovery and cannot object to answers responsive to questions although they disclose transactions between husband and wife. However, such transactions will be scrutinized by the court, as above stated.

Where the complainant has introduced evidence which casts suspicion upon the transactions between husband and wife and shows facts which warrant a suspicion of fraud or fraudulent intent, the burden of proof shifts from the complainant to the defendant, and then it devolves upon the defendant to show by a preponderance of the evidence that the securities were paid for with her own funds and that her husband merely acted as agent for her in the purchase of same. Yost v. Hudiburg, supra; Crump v. Johnson, supra; Farmers Bank of Lynchburg v. Farrar, 4 Tenn. App., 186; Robertson v. Wade, 17 Tenn. App., 457, 466, 68 S. W. (2d), 487; Hartnett v. Doyle, 16 Tenn. App., 302, 319, 320, 64 S. W. (2d), 277; General Contract Purchase Corp. v. Conner, 23 Tenn. App., 1, 126 S. W. (2d) 347, 354; James v. Joseph, 156 Tenn., 417, 424, 1 S. W. (2d), 1017.

Taking into consideration the whole record, we are of the opinion that the money invested in these bonds was the money of S. L. Chaffin, and that the delivery of the bonds to Mrs. Chaffin was with the purpose to defraud his creditors, particularly the complainant.

The first assignment of error is therefore sustained.

The other errors become immaterial.

A decree will be entered in this court for $20,444.60 with interest from September 28, 1936, to the present, in favor of the Union Bank

and against Mrs. Clara Deane Chaffin, as the executrix of S. L. Chaffin, deceased.

The cause will be remanded to the Chancery Court of Lawrence County for a sale of as much of the securities in the hands of the receiver, amounting to $30,000, as set in the report of Clerk and Master on page 200 of the record, and the proceeds will be applied to the payment of this decree.

The costs of the cause including the costs of the appeal are decreed against the defendant Mrs. Chaffin.

Faw, P. J., and Felts, J., concur.