Totten, J.,
delivered the opinion of the court.
*284 In June, 1849, an execution was issued by a justice of the peace, in Coffee county, in favor of Williams against Bow-don for $100 77. On the 29th June, 1849, Boyd, a constable, levied the same on five mules, of the value of $40 each; the property of, and in the possession of defendant.
The officer, confiding in defendant, left the mules in his possession, and no delivery bond was taken. On the 23d July, thereafter, the officer, by order of the plaintiff, released said levy, and made return on the execution to that effect, before the justice, and the reason assigned was, that the date of its issuance was in blank, which circumstance, as they apprehended, would vitiate the process. An alias execution was thereon issued by the justice, and levied by the same officer, on four mules, the property of defendant, two of them being the same taken on the former execution.
The defendant filed his petition in the circuit court of Coffee, for a supersedeas, and prayed that said last execution be quashed, because it was satisfied by the levy of the former execution on property sufficient to satisfy the same.
A motion to dismiss the petition was overruled, and the execution superseded, except as to $80, the value of the two mules, taken under both executions, which the court was of opinion, it was competent for the officer to retake and sell, in virtue of the property vested' in him by the levy on the first execution. The defendant having given no delivery bond, still retained possession of the mules, and afterwards sold them. The court was of opinion, that upon the facts of the case, the levy of the first execution was to be taken, and decreed as a satisfaction thereof, to the extent and in the manner before stated. The defendant having taken a bill of exceptions, setting forth the case as above stated, appealed in error to this court; and the plaintiff has likewise prosecuted a writ of error upon the record, to this court.
It is now argued, upon the authority of many decided cases *285 in this court, that a levy on personal property sufficient to satisfy an execution, is to be taken and deemed a satisfaction thereof — that the debtor is thereby released, and the officer made liable for the debt. Such unquestionably is the settled doctrine of the common law, as has been held, in many reported cases by this court. But the principle thus stated in our cases, must be understood as having reference to the facts of each case, where it was made to apply. If an officer levy on personal property sufficient to satisfy the debt, and by his fraud or neglect, it be not sold, and the proceeds appropriated to the debt, it is but just and reasonable that the debtor be discharged, and that the creditor look to the officer for its payment. But if the levy be released, and the property restored to the debtor, and retained by him for his own use, can there be any justice or reason in the assumption, that the levy, in such case, should be deemed a satisfaction of the debt? Certainly not, and we are not aware, that such a doctrine has ever found favor in any adjudicated case in this court. The rule, as we have seen, is maintained for the benefit and protection of the debtor; but not to enable him to perpetrate a wrong or a fraud upon the creditor, or the officer, upon the idea of a merely fictitious satisfaction of the debt.
Now in the present case, the property taken in execution was left by the officer in the possession of the debtor, and his consent and bad faith may be inferred from the fact, that he after-wards disposed of the property for his own use.
He is not, therefore, injured, or liable to be injured, by a second levy for a just and subsisting debt, and the principle relied upon can have no application to his case; certainly the officer is liable to the creditor for neglect of duty, in permitting the property taken in execution, to remain in the possession of the debtor, without any bond for its delivery, but, that can have uo effect upon the liability of the debtor. The one is merely cumulative to the other.
*286 We are of opinion, therefore, that his Honor, the Judge, erred in holding that the levy in question, was to any extent, a satisfaction of the debt.
But in the next place, it is insisted that the creditor cannot avail himself of the error in this court, because at the trial, in the circuit court, he took no bill of exceptions, and the error can only appear in the case, as made by the bill of exceptions, taken by the debtor.
The creditor, it is true, took no bill of exceptions for himself, but he is to be deemed, of course, a party to the exceptions taken by the debtor, and he brings his writ of error upon the entire record, and has a right to insist upon any errors that may appear in it to his prejudice.
Each of the parties, the one by appeal in error, the other by writ of error, is in position to assign errors upon the record. The record was made by the court, and it is not a material circumstance, that it was done upon the motion of the one party or the other.
If the party is in position to assign errors, this court will look to the entire record, and if there be error in it, to his prejudice, will correct it.
The judgment of the circuit court will be reversed, the petition be dismissed, and a procedendo be awarded to the justice.