COMMERCE UNION BANK et al. v. PEARSON
et ux.—234 S. W.(2d) 653.

Middle Section.   September 1, 1950.

Petition for Certiorari denied by Supreme Court, December 9, 1950.

Tom Stewart, P. M. Howse, Jr., F. E. Bowers, and Noah W. Cooper, all of Nashville, A. L. Todd, Jr., and Ewing Smith, both of Murfreesboro, for appellants.

George S. Buckner, G. S. Ridley, J. J. Jewell, Jr., and John R. Rucker, all of Murfreesboro, and Littell Rust, of Nashville, for appellees.

HOWELL, J. In these consolidated cases the complainants sued the defendants on some promissory notes held by them and executed by the defendant, S. M. Pearson. It is alleged in the bills that the defendant S. M. Pearson had made fraudulent conveyances to his wife of certain lands in Rutherford County for the purpose of hindering, delaying and defrauding the complainants of their just and lawful claims and the bills pray that the deeds to Mrs. Pearson be set aside and declared void as to them and that the property be subjected to the satisfaction of their claims. The defendants denied the material allegations of the bills.

The cases were consolidated and heard by the Chancellor and a jury and the issues submitted were decided in favor of the complainants.

The defendants have appealed to this Court and have assigned numerous errors.

The defendant S. M. Pearson admitted owing the debts sued for.

The issues submitted to the jury by the Chancellor and the answers thereto are as follows:

"*Issue No. 1* is as follows: Is the consideration of 'love and affection' recited in the deeds of S. M. Pearson to his, wife, Frances S. Pearson, of date January 12, 1948, and April 17, 1948, respectively, the true consideration for the conveyance of the lands described in said respective deeds? Answer No

"*Issue No. 2*: Was the true consideration for the deeds aforesaid the sum of $12,000.00 claimed by the defendants Pearson and wife to have been owing to Mrs. Annie Sawyer, which indebtedness she cancelled against said Pearson upon his conveying said lands described in said deeds to his wife, Frances S. Pearson? Answer No

"*Issue No. 3*: Was the conveyance of the lands described in said respective deeds made by said Pearson to his said wife for the purpose and with the intention on the part of both said Pearson and Mrs. Pearson to hinder and delay the creditors of said Pearson in the collection of their just claims. Answer Yes."

The following stipulation appears in the record: "During the deliberations of the jury, the jury asked the Court if Issue No. 3 could be answered 'Yes' as to one and 'No' as to the other. The Court instructed the jury that the Issue had to be answered 'Yes' or 'No'. That unless both Mr. S. M. Pearson and Mrs. Frances S. Pearson were guilty of fraud, then the Issue No. 3 should be answered 'No'. But that, if both were guilty of fraud, then the Issue No. 3 should be answered 'Yes'."

It is ably and earnestly insisted for the defendant Mrs. Frances S. Pearson that the Chancellor erred in not explaining to the jury the difference between actual fraud, and constructive fraud and in not charging the jury that if Mrs. Pearson did not know of the insolvency of her husband at the time the deed to her was registered and accepted this deed in good faith with no intention of defrauding the complainants she was guilty only of constructive fraud and should be allowed a credit for the actual amount of her own money that she had in good faith expended in permanent improvements upon the land involved.

The record does not disclose that any request for such a charge was made to the Chancellor. See Eve v. Union Central Life Ins. Co., 26 Tenn. App. 1, 167 S. W. (2d) 8; Shelby County v. Fisher, 137 Tenn. 507, 194 S. W. 576 and other cases. Also since the Act of 1911, Sec. 10654 of the Code it must affirmatively appear that the error affected the result of the trial.

In the charge the Chancellor in connection with the liability of Mrs. Pearson and Issue No. 3 said: ''But even though Mr. Pearson intended by said conveyances to his wife to hinder and delay the complainants in the collection of their just claims and Mrs. Pearson had no knowledge of the intention and purpose of Mr. Pearson to delay said complainants and to hinder them in the collection of their just claims, then your answer to Issue No. 3 should be 'No' but if Mrs. Pearson knew of this intention to hinder and delay said creditors, and took said deeds to aid her husband in said purpose, then your answer to Issue No. 3 should be 'Yes'.''

Again the Chancellor in the charge said:

''I therefore charge you that if under the facts and circumstances of this case a suspicion of fraud, which is equivalent to a presumption of fraud, is raised in your minds, it then becomes incumbent upon Mrs. Pearson, who is claiming under said deeds, to remove such presumption from your minds, and to show the good faith and fairness of the transactions, and that the consideration was as insisted by her, and that the same was paid to Mrs. Sawyer or a debt of that amount held by her against Mr. Pearson cancelled.

''In other words the deeds on their face show that the only consideration for this conveyance was 'love and affection.' Now, inasmuch as Mrs. Pearson in her answer undertakes to show that there was other valuable consideration for said conveyance, to-wit: The cancellation of said $12,000.00 indebtedness due by Mr. Pearson to Mrs. Sawyer, the burden shifts to her to satisfactorily explain the matters set up in her answer and to prove to you by a preponderance of the evidence the truth of her insistence relative to the cancellation of said alleged indebtedness.

"I further charge you that even though your answer to Issue No. 2 is 'Yes', you are to go further and find a true answer to Issue No. 3. That is, did Mrs. Pearson accept the conveyance of said lands from her husband with the intention on her part to hinder and delay his creditors in the collection of their just claims, and I further charge you that the burden of the proof is on Mrs. Pearson to show to your satisfaction by a preponderance of the evidence that it was her intention in accepting said deeds to hinder, delay or defraud the creditors of her husband, and her intention cannot be proven by her testimony alone but must be shown by other facts and circumstances.

"The intent to hinder, delay or defraud creditors is an act of the mind manifested by conduct of the party.

"Now, if you find in this record that her acts and conduct, as revealed by the facts and circumstances, manifested an intention on her part to hinder, delay or defraud the creditors of her husband by accepting said deeds, then your answer to Issue No. 3 should be 'Yes'."

It is true that there is a material difference between the effects of actual fraud and constructive fraud as is shown by Vol. 24 American Jurisprudence page 276, Par. 131, 37 Corpus Juris Secundum, Section 280, page 1122, the cases of Alley v. Counsel, 40 Tenn. 578; Bank of Blount County v. Dunn, 10 Tenn. App. 95; James v. Joseph, 156 Tenn. 417, 1 S. W. (2d) 1017 and other cases. We are of the opinion however that the charge of the Chancellor as quoted above fairly instructed the jury as to the rights of Mrs. Pearson if she was not guilty of actual fraud and that the fact that the Court did not more fully instruct the jury as to actual and constructive fraud did not affect the verdict.

The jury found that the conveyances to Mrs. Pearson were for the purpose and with the intention on the

part of both Pearson and Mrs. Pearson to hinder and delay the creditors of Pearson in the collection of their just claims.

There was material evidence to support the findings of the jury.

Many other insistences are made in the assignments of error filed and we will not discuss them separately.

▆ It is well settled that jury trials in the Chancery Court are conducted in the same manner as jury trials in the Circuit Court and the witnesses are examined orally before the Court and jury. In this case a jury was demanded by the defendant Frances S. Pearson and the main issues submitted to the jury.

The record does not disclose that there was any objection by the defendants to the issues submitted by the Court to the jury and the issues prepared by the defendant appear only in the record attached to the motion for a new trial. We find that the issues as submitted fairly covered the real controversy as to the facts in the case.

It is insisted for the defendants that the court erred in some respects in the charge to the jury. We have carefully examined the charge and find it to be fair and full and cannot say that it contains any reversible errors. There are no rulings upon objections to evidence which materially affected the result of the case.

▆ In connection with the motion for a new trial the defendants filed affidavits of several jurors in which they say in substance that the issues should have been worded differently and that they do not believe that Mrs. Pearson was guilty of any fraud. These affidavits are in direct conflict with the answers given by the jurors to the issues submitted to them. A juror will not be heard to impeach his own verdict on the ground that he thought the charge was erroneous or that he reasoned erroneously as to the

law or the facts or that he misunderstood the charge of the Court.

See Lewis v. Moses, 6 Cold. 193, 196; Tennessee Eastern Electric Co. v. Link, 6 Tenn. App. 617; Fidelity Bond & Mortgage Co. v. American Surety So., 14 Tenn. App. 211 and many other cases.

The Court then found additional facts and decreed in part as follows:

''(a) That the defendants, S. M. Pearson and wife, Frances S. Pearson, did not borrow any money from Mrs. Annie Sawyer as claimed by them in their answer, and that the series of notes executed to Mrs. Annie Sawyer and the deed of trust securing same was without a valid consideration or valuable consideration; (b) that said deed of trust was executed for the purpose of hindering, delaying and defrauding the creditors of S. M. Pearson; (c) that the cancellation of said series of notes and deed of trust was not a valid or valuable consideration for the execution of the deeds of conveyance by S. M. Pearson to his wife, Frances S. Pearson as found by the jury; (d) that any consideration for the conveyances of S. M. Pearson to his said wife, Frances S. Pearson to support Mrs. Annie Sawyer during her life would have been merely a gratuity; (e) that the consideration of 'love and affection' recited in the aforesaid deeds of conveyance from S. M. Pearson to his wife, Frances S. Pearson, was wholly inadequate, as such conveyances rendered the defendant S. M. Pearson insolvent; (f) that the aforesaid deeds of conveyance, which will be hereinafter more particularly referred to and described, were made for the purpose of hindering, delaying, defrauding and defeating the creditors of S. M. Pearson, which facts were known to and participated in by the defendant, Frances S. Pearson; and, therefore, said conveyances were and are fraudulent in

fact and in law and operate only as clouds upon the title of S. M. Pearson, and the same are removed as such.

"The first of the aforesaid deeds of conveyance from defendant S. M. Pearson to his wife, the defendant Frances S. Pearson, is dated January 12, 1948, and was noted for record January 26, 1948, and recorded in Deed Book No. 101, at page 156, Register's Office of Rutherford County; and the second of the aforesaid deeds of conveyance from the defendant S. M. Pearson to his wife, the defendant Frances S. Pearson, is dated April 17, 1948, and was note for record April 20, 1948, and recorded in Deed Book No. 101, at page 459, Register's Office of Rutherford County.

"That the defendant was indebted to complainants and many other persons at the time of the aforesaid conveyances; that said conveyances rendered the said defendant S. M. Pearson insolvent.

"It Is, Therefore, Ordered, Adjudged, And Decreed By the Court that the two deeds of conveyance from the defendant, S. M. Pearson, to his wife, the defendant Frances S. Pearson, Be and they Are declared and decreed to be fraudulent and void, in both law and in fact; and said deeds are hereby annulled, cancelled and decreed void, and the registration of said deeds is decreed cancelled and of no further force and effect, and the title to the property therein described is decreed to be vested in the defendant S. M. Pearson in fee simple; and the cloud cast upon said property by virtue of the aforesaid fraudulent and void deeds is removed."

We concur with this finding of the Chancellor.

The Chancellor thus sustained the attachments which had been levied on the lands involved and fixed the amounts of complainants claims and the priorities of the

liens and held that Pearson and his wife were entitled to homestead in certain of the lands.

The Chancellor granted an appeal reserving all other matters for further action.

We have carefully read and considered this large record and find no reversible errors.

The assignments of error are overruled and the decree of the Chancellor is affirmed.

The cause will be remanded to the Chancery Court of Rutherford County for the execution of the decree and further proceedings.

The appellants will pay the costs of the appeal and the costs of the Chancery Court will be paid as decreed by the Chancellor.

Affirmed and remanded.

Hickerson, J., concurs.