# DAVIDSON v. BURGER

## ELI WITT CIGAR CO. of TENNESSEE, INC. v. BURGER.

## BURGER v. ELI WITT CIGAR CO. OF TENNESSEE, INC. (two cases).
### —259 S. W. (2d) 541.

Middle Section.    December 12, 1952.

Petition for Certiorari denied by Supreme Court, June 5, 1953.

Denney, Leftwich & Glasgow, of Nashville, for John B. Davidson and Eli Witt Cigar Co. of Tennessee, Inc.

Walker, Hooker, Keeble and Dodson & Harris, all of Nashville, for Mrs. Minnie Burger and A. M. Burger.

Hume, Howard, Davis & Boult and Joseph G. Cummings, all of Nashville, for A. M. Burger.

HOWELL, J. These four cases grew out of the same automobile accident, were ordered consolidated and were

tried together in the Circuit Court of Davidson County, Tennessee.

The accident happened on the Nashville to Smyrna highway where the old Murfreesboro road intersects the highway at or near Lavergne, in Rutherford County. John B. Davidson, an employee of the Eli Witt Cigar Company, was driving a car belonging to his employer and on its business at the time of the collision. Mrs. Minnie Burger was riding as a passenger in a car owned and driven by her husband, A. M. Burger, when the Burger car and the Eli Witt car collided at the intersection.

Four suits were filed. One by Mrs. Minnie Burger against the Eli Witt Cigar Company and one by A. M. Burger against the Eli Witt Cigar Company. A suit was filed by Eli Witt Cigar Company against A. M. Burger for damages to the Cigar Company car and another suit was filed against A. M. Burger by John B. Davidson, the driver of the Cigar Company car, for personal injuries. The cases were consolidated and tried together twice, both times resulting in mistrials because the juries were unable to agree. On the third trial the jury found for the defendants in each of the four cases and they were dismissed.

All of the plaintiffs excepted and by proper procedure were granted and have perfected appeals in error to this Court and have assigned errors.

■ ■ On December 11, 1951, an order was entered by the trial Judge in all four cases as follows:

"These cases having been tried together, it is ordered by the Court that only one bill of exceptions be filed in all four cases and one record sent up to the Court of Appeals in said cases."

In the two cases of Mrs. Minnie Burger and A. M. Burger against the Cigar Company we are presented with motions to strike the assignments of error, briefs and arguments filed, for the reason that the assignments of the appellants are directed at questions of fact and appellants have not filed bill of exceptions. It is insisted for the appellee Cigar Company that these appellants cannot rely upon the bill of exceptions filed by appellee, as the trial Judge had no right to enter the order permitting only one bill of exceptions to be filed without appellee's consent.

It is true, of course, that this Court cannot consider any error assigned as to the facts in the absence of a bill of exceptions.

These four cases grew out of the same accident and the same testimony is applicable to all four cases. The cases were ordered by the trial Judge to be consolidated and tried together. There were separate transcripts, motions for new trials and assignments of error, all directed at the same facts. Orders were entered in each case.

In the case of Waller v. Skeleton, 31 Tenn. App. 103, 212 S. W. (2d) 690, 694, Felts, Judge said:

"Plaintiff, however, insists that, since all of defendants' assignments of error relate to matters which must be made to appear by bill of exceptions, we cannot review such assignments, because the bill of exceptions saved by defendants was a mere skeleton form and invalid. Battier v. State, 114 Tenn. 563, 86 S. W. 711; Rose v. Third Nat. Bank, 27 Tenn. App. 553, 563, 183 S. W. (2d) 1, 5.

"Defendants' appeal in error does not depend on that bill of exceptions. The one saved by plaintiff is available to both parties. Williams v. Bowdon, 31

Tenn. 282; Hughes v. Young, 17 Tenn. App. 24, 27, 28, 65 S. W. (2d) 858, 860. These were cases of writs of error, but the principle is equally applicable to appeals in error. The bill of exceptions, regardless of which party takes it, must contain all the evidence of both parties and be a complete record of the trial. That record does not belong to either party, but is equally available to both, whether on appeal in error or on writ of error."

See also Hughes v. Young, 17 Tenn. App. 24, 65 S. W. (2d) 858.

There is no merit in the motions to strike the assignments of error of the Burgers and they are overruled.

■ It is insisted that the trial Court erred in ordering these cases tried together.

As shown above the four cases resulted from the same accident and the testimony was applicable to all the cases and the issues were the same.

In the case of Herstein v. Kemker, 19 Tenn. App. 681, 94 S. W. (2d) 76, 81, Faw, Presiding Judge said:

"We are of the opinion that the question as to whether or not the two cases should be tried together rested in the sound judicial discretion of the circuit court. So far as we are aware, the point is not ruled by any decision of the appellate courts of this state; but it has been the subject of judicial decision in numerous cases from other jurisdictions. In the state of Kentucky it is well settled by a long line of decisions that, where separate actions are brought by different plaintiffs against the same defendant, and the issues are the same in each action, the court may, in order to avoid unnecessary delay and expense, order them to be tried together; that whether such cases should be tried together is a matter within the

discretion of the trial court and such discretion will not be interfered with on appeal, unless it clearly appears that the discretion was abused; that such practice is not only proper, but should be encouraged, unless there is objection from one of the parties and the circumstances are such that the trial of the cases together would tend to place the objecting party in a position not occupied by his adversaries and that would probably give the latter an undue advantage in the trial.

\* \* \* \* \* \*

"The prevailing rules with respect to the propriety of joint trials, as announced in numerous cases cited in the footnotes, are stated in the text of 64 C. J. at pp. 35, 36, as follows:

" 'A court may order several causes pending before it to be tried together where they are of the same nature, arise from the same act, event, or transaction, involve the same or like issues and depend largely or substantially on the same evidence and a joint trial will not give one party an undue advantage or prejudice the substantial rights of any party. This is true not only where the parties in the several actions are the same, but also where some of the parties are different, as where the the actions were brought by the same plaintiff or plaintiffs against different defendants or by different plaintiffs against the same defendant or defendants. The order may be made, although defendants employ different counsel. Indeed it is held or stated that such an order may be made even though there are differences in the character of the actions, the rights and liabilities of the parties or the evidence. Where, in actions by differ-

ent plaintiffs against the same defendant or defendants, the only difference is in respect of the issues of contributory negligence of the several plaintiffs, the extent of the injuries or damages sustained by them, or the evidence relating thereto, the cases may be ordered to be tried together. Even where two actions are so inconsistent as to vital matters that, without a stipulation, the parties would be compelled to try them separately, yet where the parties stipulate that the actions shall be tried together before the same jury, there is no reason for the court to refuse to allow them to carry out their stipulation. However, two causes can be tried together only by order of court or consent of the parties. The object of trying several cases together is to serve the convenience of the court and litigants and avoid unnecessary costs, delay, and vexation in the attainment and administration of justice; and, independent of statutory authority, a court of general jurisdiction has inherent power to order such a trial under proper circumstances. Ordinarily, it rests in the discretion of the court to grant or refuse an application to consolidate causes for trial; but there may be instances in which the application should be granted; and there may be other instances in which causes should not be ordered to be tried together, over objection, as where one plaintiff, although he would be a competent witness for himself, would not be a competent witness for another plaintiff, the interests of justice seem more likely to be promoted by separate trials, or a trial together would tend to confuse court, counsel, and jury, put one party at a disadvantage or deprive him of a substantial right to which he is entitled under the law. Error in ordering a trial of separate

causes together is harmless if the final result reached was right.' "

We do not think the trial Judge erred in ordering these cases heard together. It does not appear that the interest of any party was prejudiced in any way by so doing.

All parties have assigned as error that there is no evidence to support the verdicts of the jury dismissing each of the cases.

■■ We have carefully read all of the evidence and are satisfied that in the cases of Davidson v. Burger, Eli Witt Cigar Co. v. Burger and Burger v. Eli Witt Cigar Co., there was ample, material and competent proof upon which the jury could find that Davidson, the driver of the Eli Witt car and A. M. Burger were guilty of the negligence that caused the accident. We find, however, that there is no proof upon which the jury could find that Minnie Burger was guilty of any negligence whatever. The trial Judge properly charged the jury as to the rules of law applying to the case of Minnie Burger who was riding in the car driven by her husband.

The assignments of error filed by Mrs. Minnie Burger that there is no evidence to support the verdict of the jury in her case is sustained.

John B. Davidson and the Eli Witt Cigar Company have assigned errors based upon the charge of the Court. We have read this long charge carefully and find no error which could have affected the verdicts in these cases. There is no merit in these assignments of error.

The assignments of error filed by John B. Davidson, Eli Witt Cigar Company and A. M. Burger are overruled and the judgments of the Circuit Court in the cases in which they were the plaintiffs dismissing these cases are affirmed.

The assignment of errors filed by Minnie Burger, that there is no evidence to support the judgment of the Court dismissing her suit is sustained.

The case of Minnie Burger against Eli Witt Cigar Co. will be reversed and remanded to the Circuit Court of Davidson County for a new trial.

The plaintiff, Eli Witt Cigar Co., insists that the judgments rendered against it were erroneous because the jury failed to agree upon a verdict as shown by the affidavits of jurors Mrs. F. P. Beasley, Mrs. Theodore Kimbro and Lew Brandon. The Bill of Exceptions shows on page 453 and 455 that the jury, when reporting separately on each case, stated that they had agreed and found for the defendant. The affidavits of these jurors are in direct conflict with the answers given the Court in each case.

A juror will not be heard to impeach his own verdict in this manner. See Commerce Union Bank v. Pearson, 34 Tenn. App. 121, 234 S. W. (2d) 653.

In the cases of Davidson v. Burger, Eli Witt Cigar Co. v. Burger, Burger v. Eli Witt Cigar Co., the plaintiffs in error will pay the costs and in the case of Burger v. Eli Witt Cigar Co. the defendant in error, Eli Witt Cigar Co., will pay the costs of the appeal.

Three cases affirmed and one reversed and remanded.

Felts and Hickerson, JJ., concur.