GURLICH'S, INC., Appellee, v. B. E. MYRICK and
Wife, ESTHER MYRICK, Appellants.
—388 S. W. (2d) 353.

Western Section, Jackson.   December 10, 1964.

Certiorari Denied by Supreme Court March 15, 1965.

Hugh W. Stanton, Jr., Memphis, for appellants.

Henry M. Beaty, Jr., and Robert A. Udelsohn, Memphis, for appellee.

BEJACH, J. In this cause, B. E. Myrick and Mrs. Esther Myrick, his wife, appeal from a decree of the Chancery Court of Shelby County entered April 28, 1964, which set aside as fraudulent, under provisions of T.C.A. Section 64-301 et seq., transfers of 25½ shares of common stock of a Mississippi corporation known as Valley Oil Company, made by B. E. Myrick to his son, Gustav Myrick, of Gustav E. Myrick to his mother, Mrs. Esther Myrick, and of Mrs. Esther Myrick to J. G. Ratliff. Said decree ordered delivery by Mrs. Myrick of a note executed by J. G. Ratliff for said stock, together with the collateral pledged as security for same, said note representing proceeds of the sale of the stock of Valley Oil Company to Ratliff. The note in question is in the principal sum of $11,475, payable in monthly installments of $144.25 each. Complainant, Gurlich's Inc., is a judgment creditor of defendant, having recovered a judgment against B. E. Myrick in the United States District Court for the Western District of Tennessee on April 12, 1963 on a note endorsed by him, the original amount of which was $36,-099.53, together with the interest thereon at 6% per annum. In this opinion, the parties will be referred to, as in the lower court, as complainant and defendants, or called by their respective names.

The original bill was filed December 18, 1963. Defendants' answer was filed January 6, 1964, but an amended

answer was filed March 30, 1964. On January 14, 1964, pending the hearing, after application for a temporary injunction, the Chancellor ordered that the defendants turn over to their solicitor, Hugh W. Stanton, Jr., the note dated January 14, 1964, and that he hold same, together with all collections thereon pending final disposition of the cause. On April 28, 1964, the Chancellor entered, after hearing the cause, a final decree from which we quote, as follows:

"That the transfer of 25½ shares of common stock in a corporation known as Valley Oil Company which corporation has subsequently been known as Valley Parts Company, a Mississippi corporation, between defendant, B. E. Myrick and his son, Gustav E. Myrick on April 4, 1960, was disregarded and treated as though it did not occur and that subsequently on January 14, 1961, Gustav E. Myrick transferred said stock to Esther Myrick and that there was no monetary consideration for said transfer. On the same day Mrs. Esther Myrick sold said stock to J. G. Ratliff and that as evidence of said sale and as security for said sale, the said J. G. Ratliff executed a promissory note in the amount of Eleven Thousand ($11,000.00) Dollars dated January 14, 1961, payable in monthly installments of One Hundred Forty Four and 56/100 ($144.56) Dollars to the order of Mrs. Esther E. Myrick, being the same person as defendant Esther Myrick.

"On January 14, 1961, defendant B. E. Myrick was insolvent and that the transfer between Gustav E. Myrick and Mrs. Esther Myrick on January 14, 1961 was a voluntary transfer which was made to delay or defeat the rights of the existing creditors of B. E. Myrick within the meaning of T.C.A. Section 64-301

et seq. The Court conceives the sole question in this action to be whether defendant, B. E. Myrick was the true owner of the original 25½ shares of stock which were purchased in 1952, or whether his wife, Esther Myrick was the true owner.

"The Court held that as a matter of law the burden of proving the fraudulent conveyance rests upon the complainant, but that the evidence presented in this cause created a colorable situation so that the burden of going forward with the evidence and establishing the bona fide nature of the transaction rests upon defendants and the Court finds that defendants have not carried this burden.

"The Court finds that since no check was brought in to show whose funds were used to obtain the original 25½ shares and that no income tax return was brought in to show that the income on said 25½ shares of stock was chargeable to defendant Esther Myrick even though both defendant and B. E. Myrick and Esther Myrick testified that the stock was purchased solely with Mrs. Myrick's personal funds and was considered by each of them to be her separate property and that their son, Gustav E. Myrick considered the stock to be his mothers, and that defendants had failed to carry the burden of proof.

"The Court further finds that the complainant is in fact a judgment creditor having obtained a default judgment in cause number 4807 in the United States District Court for the Western District of Tennessee, Western Division against the said B. E. Myrick on April 12, 1963, and is therefore entitled to the proceeds of the sale of said shares of stock to J. G. Ratliff, which

proceeds are evidenced by said promissory note of date, January 14, 1961, and the Court should direct that defendant, Mrs. Esther Myrick endorse said note to the order of complainant and deliver to complainant said note and the collateral pledge of the shares of stock which were sold and, that complainant should credit against this judgment the sum received from the collection of said note.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that complainant have and recover of defendant, Mrs. Esther Myrick, that certain note executed by J. G. Ratliff of date January 4, 1961, and the collateral pledged of the shares of stock held by the said defendant Mrs. Esther Myrick, said note representing the proceeds of sale of shares of stock in the Valley Oil Company which shares of stock the Court finds were owned by B. E. Myrick and were fraudulently transferred by him within the meaning of T.C.A. 64-301 et seq., and that the costs of this cause be adjudged against defendants for which let execution issue."

Defendants excepted to the decree of the Chancellor, prayed and have perfected their appeal to this Court where they have filed five assignments of error. These assignments of error are as follows:

"1. The trial court erred in disregarding and treating as though it did not occur the transfer of 25½ shares of Valley Oil Company common stock from defendant, B. E. Myrick, to his son, Gustav E. Myrick, which transfer was made on April 4, 1960, while defendant Myrick was solvent, and which transfer did not prejudice any rights of creditors, and trial court

further erred in considering the defendant, B. E. Myrick's solvency or insolvency on January 14, 1961, which was the day that son, Gustav, transferred said stock to his mother, defendant, Esther Myrick, who subsequently on that same day conveyed it to one Ratliff, and ordering the note in issue delivered to complainant.

''2. The trial court erred in setting aside as a fraudulent conveyance the transfer between Gustav E. Myrick and Esther Myrick and ordering the note in issue delivered to complainant, as complainant had no debt owed it by either Esther or Gustav E. Myrick, and Gustav E. Myrick was not a party to the Original Bill.

''3. The court erred in finding the defendant insolvent on January 14, 1961, when the proper time to consider the question of defendant's solvency was eight (8) months earlier when he transferred the stock from his name to that of Gustav E. Myrick.

''4. The trial court erred in finding as fact that Esther Myrick was not the beneficial or equitable owner of said stock, as there is no material evidence of said fact.

''5. The trial court erred in finding as fact that B. E. Myrick was insolvent on January 14, 1961, there being no material evidence of said fact.''

We deem it unnecessary to discuss these assignments of error separately. The principal contentions of defendants, as therein set out, and as argued at the hearing of the cause, are that the Chancellor erred in finding defendant B. E. Myrick insolvent on January 14, 1961, whereas the material date, as is contended for by de-

fendants, was April 4, 1960 when B. E. Myrick transferred the stock in question to his son, Gustav Myrick, at which time it is contended by defendants B. E. Myrick was solvent, and that the Chancellor erred in failing to find as a fact that the stock in question was the personal property of Mrs. Esther Myrick, having been purchased with her individual funds.

The cause comes to us under the provisions of Section 27-303 T.C.A., with a presumption of correctness of the Chancellor's decision, unless the preponderance of the evidence is to the contrary.

Complainant's suit in this cause, and the decree which it has recovered, are controlled by the provisions of Section 64-301 et seq. T.C.A. We copy into this opinion Sections 64-301 to 64-304 inclusive, which are as follows:

"64-301. Conveyances in fraud of creditors or purchasers void.—Every gift, grant, conveyance of lands, tenements, hereditaments, goods, or chattels, or of any rent, common or profit out of the same, by writing or otherwise; and every bond, suit, judgment, or execution, had or made and contrived, of malice, fraud, covin, collusion, or guile, to the intent or purpose to delay, hinder, or defraud creditors of their just and lawful actions, suits, debts, accounts, damages, penalties, forfeitures; or to defraud or to deceive those who shall purchase the same lands, tenements, or hereditaments, or any rent, profit, or commodity out of them, shall be deemed and taken, only as against the person, his heirs, successors, executors, administrators, and assigns, whose debts, suits, demands, estates, or interest, by such guileful and covinous practices as aforesaid, shall or might be in any wise disturbed, hindered,

.delayed, or defrauded, to be clearly and utterly void; any pretense, color, feigned consideration, expressing of use, of any other matter or thing, to the contrary notwithstanding.

"64-302. Personal property conveyed without consideration.—If a conveyance be of goods or chattels, and be not on consideration deemed valuable in law, it shall be taken to be fraudulent, unless the same be by will duly proved and recorded, or by bill of sale or other instrument acknowledged or proved and registered according to law, or unless possession remain with the donee.

"64-303. Presumption of ownership from possession of personal property.—Possession of goods and chattels continued for five (5) years, without demand made and pursued by due process of law, shall, as to the creditors of the possessor or purchasers from him, be deemed conclusive evidence that the absolute property is in such possessor, unless the contrary appear by bill of sale, deed, will, or other instrument in writing, proved or acknowledged and registered.

"64-304. Devises declared void.—All devises of lands, tenements, and hereditaments, or of any rent, profit, term, or charge out of the same, contrived and made to defraud creditors of their just debts, shall be deemed and taken to be null and void only as against such creditors, their heirs, successors, executors, administrators, and assigns, and every one of them."

■ With regard to defendants' contentions that the Chancellor erred in ignoring the transfer from B. E. Myrick to his son Gustav Myrick on April 4, 1960, the proof in the record is clear to the effect that no consider-

ation was paid by Gustav Myrick for this transfer. Consequently, if the beneficial ownership of the stock was in B. E. Myrick at that time, the same condition continued to exist until January 14, 1961 when Gustav Myrick transferred the stock to his mother, Mrs. Esther Myrick. The determinative question then, must remain to be whether the beneficial interest in the stock was Mrs. Myrick's from the beginning. As stated above, the cause comes to us under the provisions of Section 27-303 T.C.A. with a presumption that the Chancellor's decree is correct, and we cannot say on the record before us that the evidence preponderates against the Chancellor's holding. On the question of whether the beneficial interest in the stock was in Mrs. Myrick from the beginning, the Chancellor held that complainant had established a prima facie case and that the burden of going forward with the proof was on defendants, which burden they had not carried. We cannot say that the Chancellor erred in so ruling.

As was said by Shriver, J. speaking for this Court, Middle Section, in Nashville Milk Producers, Inc. v. Alston, 43 Tenn.App. 257, 307 S.W.(2d) 66:

"In Union Bank v. Chaffin, 24 Tenn.App. 528, 147 S.W.(2d) 414, it was said that where circumstances under which a debtor transfers property are suspicious, failure of the parties to testify or produce an available explanation or rebutting evidence is a badge of fraud and that transactions between husband and wife whereby husband's property is placed beyond reach of his creditors generally excites suspicion and should carefully be scrutinized.

"Where a complainant seeking to set aside conveyances by a husband to his wife, introduced evidence

casting suspicion upon the transaction and warranting a suspicion of fraud, the burden of proof shifts to the defendant." Nashville Milk Producers v. Alston, 43 Tenn.App. 269-270, 307 S.W.(2d) 71.

In addition, according to Mrs. Myrick's own testimony, although she said that the stock in question was bought with the proceeds of some bonds which she had cashed, she also said that she loaned the proceeds to Mr. Myrick and had expected the loan to be repaid by him. From this testimony, alone, the Chancellor would have been justified in finding as a fact that the beneficial interest in the stock, was never in Mrs. Myrick.

■■ As to whether or not the Chancellor erred in finding as a fact that defendant, B. E. Myrick, was insolvent on January 14, 1956, instead of on April 4, 1960, on the record before us, there is no reason for assuming that if B. E. Myrick was insolvent on January 14, 1961, his situation was in any material matter, more favorably situated on April 4, 1960, some eight months earlier. The Chancellor evidently fixed on January 14, 1961 as the material date, because that was the date on which the stock was transferred to J. G. Ratliff and the note which is the subject matter of this litigation taken as compensation for same. In any event, counsel for defendants undertakes to show from a financial statement filed by defendant B. E. Myrick that on April 4, 1960, he was solvent. The fallacy of this undertaking lies, however, in the fact that the financial statement in question was itself a fraudulent statement, in that it showed as part of the assets of B. E. Myrick stock which was pledged to Union Planters National Bank, without indicating that it was so pledged, or deducting from its value the amount of the debt as security for which it had been pledged.

All of the defendants' assignments of error will be overruled, and the decree of the lower court will be affirmed. The cause, will, however, be remanded to the Chancery Court of Shelby County, Tennessee for supervision and enforcement of said decree.

The costs of the cause will be adjudged against the defendants and their surety on their appeal bond.

Avery, P. J. (W.S.), and Carney, J., concur.