UNITED NATIONAL REAL ESTATE, INC.,    )

Plaintiff/Appellee,    )

VS.    )

C. F. THOMPSON AND COLUMBIA AUTO    )
PARTS, INC.,    )

Defendants/Appellants.    )

Chancery Court Maury
No. 94-531

Appeal No.
01A01-9604-CH-00173

**FILED**

October 4, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT
OF MAURY COUNTY, TENNESSEE


HONORABLE JIM T. HAMILTON, JUDGE


Robert L. Holloway, Jr.
FLEMING, HOLLOWAY & FLYNN, P.C.
B.P.R. #6535
P.O. Box 90
207 West Eighth Street
Columbia, Tennessee 38402-0090
ATTORNEY FOR PLAINTIFFS/APPELLANTS

William Landis Turner
KEATON, TURNER & SPITZER
102 North Court Street
Columbia, Tennessee 38402-0090
ATTORNEY FOR DEFENDANT/APPELLEE


REVERSED AND REMANDED.


HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

UNITED NATIONAL REAL ESTATE, INC., )
                                      )
        **Plaintiff/Appellee,** )
                                      )      **Chancery Court Maury**
                                      )      **No. 94-531**
**VS.** )
                                      )      **Appeal No.**
                                      )      **01A01-9604-CH-00173**
**C. F. THOMPSON AND COLUMBIA AUTO** )
**PARTS, INC.,** )
                                      )
        **Defendants/Appellants.** )

# O P I N I O N

This is a suit by a judgment creditor to set aside a fraudulent transfer of assets and to subject said assets to the satisfaction of the judgment.

In September, 1985, Columbia Auto Parts, Inc., executed with United National Real Estate, Inc., an "Exclusive Listing Agreement" for the sale of the assets of Columbia Auto Parts, Inc. In October, 1985, Columbia Auto Parts, Inc. contracted to sell said assets to Al Carroll. In March, 1986, the sale was concluded, and the proceeds were deposited in the corporate bank account. After payment of outstanding debts (except United National Real Estate, Inc.), the remainder of the proceeds were distributed to the shareholders, of whom C. F. Thompson was one.

On September 25, 1986, United National Real Estate, Inc. sued C. F. Thompson and Columbia Auto Parts, Inc. for its commission on the sale. On July 21, 1993, the Trial Court granted United National a judgment against C. F. Thompson and Columbia Auto Parts, Inc. for $83,993.00. On November 16, 1993, post-judgment motions were overruled.

On May 28, 1994, plaintiff filed the present suit against C. F. Thompson and Columbia Auto Parts, Inc., alleging that C. F. Thompson had fraudulently transferred to his wife approximately $100,000 of the distribution received by him from the liquidation of Columbia

Auto Parts, Inc., which amount was on deposit with Hilliard Lyons, Inc., an investment broker.

The petition (complaint) states:

> In this proceeding plaintiff seeks to make Angela Thompson and the broker parties to this action, to determine what portion of the account belongs to C. F. Thompson by reason of a fraudulent transfer to his wife, disregarding the rights of plaintiff, as judgment creditor, and to obtain such orders and other relief as will enable plaintiff to reach those funds in satisfaction of its judgment.

The prayers of the petition include:

> That Angela Thompson and J. J. B. Hilliard, W. L. Lyons, Inc. be made parties defendant to this action and served with process and a copy of this petition.

On September 21, 1994, "the defendants" (not otherwise identified) filed a "response to petition" denying a fraudulent transfer and pleading laches and statute of limitations.

On March 13, 1995, the Trial Court entered the following order:

### ORDER

> This Petition for Relief Required to Aid in the Collection of Judgment and the Response to said Petition were heard on the 14th day of December 1994.
>
> This Court awarded judgment to the Plaintiff in the amount of Eighty-three Thousand Nine Hundred Ninety-three Dollars ($83,993) on July 21, 1993, after the Court of Appeals reversed and remanded the case on April 8, 1992. On November 16, 1993, this Court overruled the Motion for Alteration of Judgment. At this point the Plaintiff had a right of action to attack the validity of a certain conveyance between Defendant C. F. Thompson and his wife, which occurred in 1987. The statute of limitations to set aside a fraudulent transfer is six years. However, a reading of T.C.A. § 29-12-106 clearly indicates the statute does not begin to run until the creditor affected (here the Plaintiff) has a right of action to test the validity of the conveyance. This Court finds that right of action to have been December 16, 1993. The Petition was filed by the

Plaintiff on August 29, 1994, well within the six-year statute of limitation.

IT IS, THEREFORE, ORDERED that the Defendant's Response seeking a dismissal of the Plaintiff's Petition be overruled.

This 12th day of March, 1995

_____(Signed)_____
Jim T. Hamilton, Circuit Judge

On April 11, 1996, the defendant, C. F. Thompson, alone, filed a motion to alter or amend stating:

1. A judgment was entered on March 13, 1995. This judgment ordered "that the Defendant's response seeking a dismissal of the Plaintiff's petition be overruled." It is unclear to the Defendants whether this judgment is a final judgment on the merits or if this Order is a decision on the statute of limitations issue. The Defendants respectfully requests the Court to clarify this Order so that if a final judgment has been rendered, the Defendants may properly appeal. If the Order is not a final judgment, the Defendants would ask leave to continue to defend this creditor's bill suit.

2. If this Order is a final judgment on the merits, the Defendants would respectfully request the Court vacate its judgment on the grounds that the Plaintiff in this suit has produced any (sic) proof of any kind to warrant the finding of a fraudulent transfer or the rendering of a judgment. In the alternative if the Court finds that proof has been submitted by the Plaintiff, the Defendant aver that Plaintiff has fallen far short of meeting its burden of proof.

On November 20, 1995, the Trial Court entered judgment stating:

**JUDGMENT**

This civil action is before the court on the motion of Defendant, C.F. Thompson, to amend, vacate or clarify the order filed on March 13, 1995. In addition, Defendants have moved for permission to appeal under Rule 9(a), T.R.A.P., in the event that the order last entered by the court is determined not to have been a final order.

Upon reviewing the entire record the court is of the opinion that a final judgment disposing of all

issues may and should be entered at this time, without any necessity for further proceedings. To the extent stated herein, Defendants' motion for clarification is granted and, this being a final judgment, Defendants' motion for an interlocutory appeal becomes moot and is denied.

In civil action No. 2633 the Circuit Court for Maury County, Tennessee, awarded judgment to Plaintiff in the amount of $83,993.00 on July 21, 1993, after the Court of Appeals reversed and remanded the case on April 8, 1992. On November 16, 1993, the Circuit Court overruled the motion for new trial and on December 16, 1993, the Circuit Court overruled the motion for alteration of judgment. At this point Plaintiff had a right of action to attack the validity of a certain conveyance between Defendant, C. F. Thompson and his wife, which occurred in 1987. The statute of limitations to set aside a fraudulent transfer is six years. However, as reading of T.C.A. § 29-12-106 clearly indicates, the statute does not begin to run until the creditor affected (here the Plaintiff) has a right of action to test the validity of the conveyance.

In May, 1994, Plaintiff filed its petition for relief required to aid in the collection of judgment in Circuit Court. On motion of Defendants the petition was transferred to this court by order filed in this court August 26, 1994. Plaintiff's petition was filed in this court August 29, 1995, well within the six year statute of limitations. This court finds that Plaintiff's right of action to seek the relief requested in the petition began on December 16, 1993.

After considering the entire record and evidence offered at the hearing before this court on December 14, 1994, especially the deposition given by C. F. Thompson on March 4, 1994, the court finds as follows:

1. Angela Thompson and J. J. B. Hilliard W. L. Lyons, Inc. are properly before the court as parties defendant and subject to this judgment.

2. The account now in the name of Angela Thompson in the original principal amount of $100,000.00 is the result of fraudulent transfers for the purpose of defeating Plaintiff's rights and remedies as a judgment creditor.

3. The result of the findings above are that the account must be viewed as the property of the judgment debtor, C. F. Thompson.

4. As such Plaintiff is entitled to take possession of the account and subject it to payment of Plaintiff's judgment.

On December 10, 1995, a notice of appeal was filed, reading as follows:

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that C. F. Thompson and Columbia Auto Parts, Inc., Defendants above named, and Angela Thompson, an unnamed Defendant who was served with process, hereby appeal to the Court of Appeals from the Final Judgment entered in this action on the 20th day of November, 1995.

On appeal, the appellants present the following issues:

I.      Whether or not the chancery court erred in finding the petition for relief required to aid in the collection of judgment to have been filed within the statute of limitations set forth in T.C.A. § 16-11-104.

II.     Whether or not the chancery court erred in entering a final judgment without a trial as to the issues related to a fraudulent transfer.

III.    Whether the Trial Court erred by entering a judgment against Angela Thompson when she was not properly before the court.

## THE STATUTE OF LIMITATIONS

T.C.A. § 16-11-104 provides for chancery jurisdiction of suits to subject property to execution, but contains no statute of limitation for same.

The complaint does not specify the date of the alleged fraudulent transfer but it does specifically state that the transfer was from C. F. Thompson to his wife, Angela Thompson. The uncontradicted evidence is that a joint survivorship bank account was created in 1966 in the names of Mr. and Mrs. C. F. Thompson; that the distributions from Columbia Auto Parts, Inc., were deposited in said joint account in 1986; that, as of January 27, 1989, Charles F. and Angela C. Thompson had a joint survivorship account with Hilliard Lyons Investments in the amount

-6-

of $5,000; that, by various transfers from the joint bank account to the Hilliard Lyons joint account during 1989, the latter account was increased to $105,853.96; and that in December, 1993, the Hilliard Lyons account was changed to the sole name of Angela C. Thompson.

In respect to the last mentioned transfer to Angela C. Thompson, counsel for appellants made the following statement to the Trial Court:

> So if Mr. Turner is seeking to set aside the transfer to Ms. Thompson, I'll agree to set that transfer aside, put the account back as joint tenants with right of survivorship. I think he would be successful if I put on my proof and Your Honor read the cases that I have. I think that would happen.
>
> And we will agree part of the order of this Court to direct Hilliard Lyons to reestablish that account as joint tenants with right of survivorship. Mr. Turner then has a claim against the survivorship interest of Mr. Thompson and, if Ms. Thompson predeceases Mr. Thompson, he has a right to all that money.

From the foregoing it appears that Angela C. Thompson concedes that she should be divested of her sole ownership of the subject fund, but insists that she is entitled to retain her interest in the joint survivorship account because it was acquired at a time when the statute of limitations bars its recovery.

Plaintiff insists that the statute of limitations did not begin to run upon its rights asserted in this suit until December 16, 1993, when the judgment in plaintiff's favor and against C. F. Thompson and Columbia Auto Parts, Inc., became final.

T.C.A. § 29-12-101 provides:

> Fraudulent conveyances and other devices. - Any creditor, without first having obtained a judgment at law, may file his bill in chancery for himself, or for himself and other creditors, to set aside fraudulent conveyances of property, or other devices resorted to for the purpose of hindering and delaying creditors, and subject the property, by sale of otherwise, to the

satisfaction of the debt. [Code 1858, § 4288 (deriv. Acts 1851-1852, ch. 365, § 10); Shan., § 6097; Code 1932, § 10358; T.C.A. (Orig. Ed.), § 23-1001.]

A bill may be filed before judgment, execution, and returned nulla bona for the purpose of setting aside fraudulent conveyances or other devices to hinder and delay creditors. *Shepard v. Lanier*, 192 Tenn. 608, 241 S.W.2d 587, 594 (1951); *Citizens National Bank v. Watkins*, 126 Tenn. 453, 150 S.W.96, 97 (1912).

A creditor may file a bill in chancery to set aside a fraudulent conveyance without first obtaining judgment. *Delrose v. Mansfield*, 4 Tenn. App. 488 (1927).

The judgment ultimately rendered in favor of plaintiff and against C. F. Thompson is conclusive evidence that plaintiff was a creditor of C. F. Thompson at the time that suit was filed on September 25, 1986.

On and after that date, September 25, 1986, plaintiff had unquestionable standing as a creditor to sue to set aside transfer of property by C. F. Thompson as fraudulent.

C. F. Thompson received the checks from Columbia Auto Parts, Inc., and deposited them in the joint bank account during 1986. Therefore, not later than December 31, 1986, plaintiff had standing to sue for the allegedly fraudulent transfer of funds from Columbia Auto Parts, Inc. to C. F. Thompson and/or from C. F. Thompson to C. F. Thompson and wife Angela.

Suits to set aside fraudulent conveyance of intangible personalty are subject to the statute of limitations of actions for conversion of personal property. *Howell v. Thompson*, 95 Tenn. (11 Pickel) 396, 32 S.W. 309 (1895).

The statute of limitations for conversion of personal property is three years from the accruing of the cause of action. T.C.A. § 28-3-105.

On May 23, 1994, when the present suit was filed, plaintiff's right of action, which accrued prior to January 1, 1987, was seven years old and barred by the statute of limitations.

As a result of the foregoing, the plaintiff has lost the right to recover that part of or interest in the joint survivorship interest in the fund which was transferred to Mrs. Thompson.

However, the joint survivorship interest which Mr. Thompson retained in the joint survivorship fund was conveyed to Mrs. Thompson in December, 1993, within the statutory limitations, and is therefore subject to attack as fraudulent.

The appellants assert that there is no evidence that the last transfer to Mrs. Thompson was fraudulent.

T.C.A. § 66-3-101 reads as follows:

> **Conveyances in fraud of creditors or purchasers void.** Every gift, grant, conveyance of lands, tenements, Hereditaments, goods, or chattels, or of any rent, common or profit out of the same, by writing or otherwise; and every bond, suit, judgment, or execution, had or made and contrived, of malice, fraud, covin, collusion, or guile, to the intent or purpose to delay, hinder, or defraud creditors of their just and lawful actions, suits, debts, accounts, damages, penalties, forfeitures; or to defraud or to deceive those who shall who shall purchase the same lands, tenements, or hereditaments, or any rent, profit, or commodity out of them, shall be deemed and taken, only as against the person, such person's heirs, successors, executors, administrators, and assigns, whose debts, suits, demands, estates, or interest, by such guileful and covinous practices as aforementioned, shall or might be in any wise disturbed, hindered, delayed, or defrauded, to be clearly and utterly void; any pretense, color, feigned consideration, expressing of use, of any other matter or thing, to the contrary not withstanding.

The general rule is that the burden of proof is on the party attacking a conveyance for fraud to establish his case. *Citizens Bank & Trust v. White*, 12 Tenn. App. 508 (1930).

No evidence is cited or found which would support a conclusion that Mr. Thompson's transfer of his interest in the Hilliard Lyons account to his wife rendered him insolvent or otherwise served to delay, hinder or defraud plaintiff of the collectibility of its judgment. T.C.A. §§ 66-3-101, 66-3-305; See *Hicks v. Whiting*, 149 Tenn. 411, 258 S.W. 784 (1924); *Macon Bank & Trust Co. v. Holland,* Tenn. App. 1986, 715 S.W.2d 347, 349 (1986).

There is therefore no basis for granting to plaintiff any access to Mr. Thompson's joint survivorship interest in the Hilliard Lyons fund.

The foregoing renders unnecessary any consideration of the remaining issue relating to service of process upon Mrs. Thompson.

The judgment of the Trial Court is reversed and vacated. Plaintiff's suit is dismissed. All costs, including costs of this appeal are assessed to the plaintiff. The cause is remanded to the Trial Court for entry and enforcement of judgment in conformity with this opinion.

## REVERSED AND REMANDED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE